KNEAFSEY TOSTADO & ASSOCIATES LLP
Sean M. Kneafsey (SBN 180863)
skneafsey@KTAlaw.com
800 Wilshire Blvd., Suite 710
Los Angeles, California 90017
Telephone:    (213) 892-1200
Facsimile:    (213) 892-1208

Attorneys for Plaintiffs

**FILED**

2009 NOV 13 PM 3:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PIMCO FUNDS, for its separate
investment portfolios; ASSET-BACKED
SECURITIES PORTFOLIO, U.S.
GOVERNMENT SECTOR PORTFOLIO,
SHORT TERM FUND, TOTAL
RETURN FUND, TOTAL RETURN
MORTGAGE FUND, MORTGAGE
PORTFOLIO, INCOME FUND, REAL
RETURN FUND, REAL RETURN
ASSET FUND, REAL ESTATE REAL
RETURN STRATEGY FUND, GLOBAL
BOND FUND, GLOBAL BOND FUND
(U.S. DOLLAR HEDGED),
INTERNATIONAL PORTFOLIO,
FOREIGN BOND FUND (U.S. DOLLAR
HEDGED), FOREIGN BOND FUND,
HIGH YIELD FUND,
INTERNATIONAL STOCKS PLUS
TREASURY STRATEGY FUND,
JAPANESE STOCKS PLUS TREASURY
STRATEGY FUND ; PIMCO
VARIABLE INSURANCE TRUST on
behalf of its Foreign Bond Portfolio and its
Global Bond Portfolio; PIMCO
ABSOLUTE RETURN STRATEGY V
ALPHA FUND; PIMCO GLOBAL
RELATIVE VALUE OFFSHORE FUND
III, LTD.; PIMCO PENSIONPLUS
FUND LLC; PIMCO ABSOLUTE
RETURN STRATEGY II OFFSHORE
FUND LTD; PIMCO ABSOLUTE
RETURN STRATEGY III OFFSHORE

Case No.

**SACV09-1345 DOC (ANx)**

**COMPLAINT FOR VIOLATION OF SECTIONS 12(2) AND 11 OF THE SECURITIES ACT OF 1933; VIOLATION OF CALIFORNIA CORPORATIONS CODE SECTIONS 25401, 25501, AND 25504; BREACH OF CONTRACT;RESCISSION; MUTUAL AND UNILATERAL MISTAKE; NEGLIGENT MISREPRESENTATION; AND, THE HAWAII SECURITIES ACT;**

**DEMAND FOR JURY TRIAL**

-1-

1  FUND LTD.; PIMCO ABSOLUTE
   RETURN STRATEGY V OFFSHORE
2  FUND LTD; PIMCO STRATEGIC
   GLOBAL GOVERNMENT FUND, INC.;
3  PIMCO LUXEMBOURG S.A. on behalf
   of PIMCO LUXEMBOURG TRUST
4  AND ITS SUB-FUNDS, GLOBAL
   BOND FUND, GLOBAL STOCKS PLUS
5  TREASURY FUND IN EUROS, AND
   COMMODITY REAL RETURN
6  STRATEGY FUND; PIMCO
   DISTRESSED MORTGAGE FUND,
7  L.P.; PIMCO AUSTRALIA PTY LTD.,
   for itself and its clients; PIMCO EUROPE
8  LTD.; PIMCO GLOBAL ADVISORS
   LTD. for itself and on behalf of its
9  GLOBAL INVESTOR SERIES,
   GLOBAL BOND, GIS GLOBAL BOND
10 EX-US, GIS GLOBAL REAL RETURN,
   GIS COMMDITIESPLUS STRATEGY
11 FUND, GIS MORTGAGE BACKED
   SECURITIES FUND; ALLIANZ
12 GLOBAL INVESTORS for itself and on
   behalf of ALLIANZ COMMODITIES
13 PLUS; WILMINGTON TRUST as
   Trustee of WILMINGTON TRUST
14 RETIREMENT AND INSTITUTIONAL
   SERVICES COMPANY COLLECTIVE
15 INVESTMENT TRUST and as Trustee of
   PIMCO COMMODITIES PLUS TRUST
16 II; FIXED INCOME SHARES for itself
   and on behalf of its separate investment
17 portfolios SERIES C AND SERIES R;
   PARS ASPIRE FUND; BROWN
18 BROTHERS HARRIMAN TRUST
   COMPANY (CAYMAN) LTD. as Trustee
19 for PIMCO BERMUDA TRUST I and its
   series trusts, PIMCO BERMUDA
20 FOREIGN LOW DURATION FUND
   AND PIMCO BERMUDA JBG
21 FLOATER FOREIGN ALPHA FUND,
   and as Trustee for PIMCO BERMUDA
22 TRUST II, and its series trusts; PIMCO
   BERMUDA LIBOR PLUS MASTER
23 FUND, PIMCO BERMUDA JGB
   FLOATER US STRATEGY FUND, AND
24 PIMCO BERMUDA JGB FLOATER
   FOREIGN STRATEGY FUND, and as
25 Trustee for PIMCO BERMUDA TRUST
   IV, and its series trusts, PIMCO
26 BERMUDA GLOBAL BOND EX-
   JAPAN FUND, BERMUDA JAPAN
27 CORE PLUS FUND, AND PIMCO
   GLOBAL HIGH YIELD STRATEGY
28

-2-

1  FUND, and as Trustee for PIMCO                )
   CAYMAN TRUST and its series trusts,           )
2  PIMCO CAYMAN GLOBAL                            )
   AGGREGATE EX-JAPAN BOND                        )
3  FUND, PIMCO CAYMAN GLOBAL                      )
   AGGREGATE EX-JAPAN INCOME                      )
4  FUND, PIMCO CAYMAN GLOBAL                      )
   AGGREGATE EX-JAPAN, PIMCO                      )
5  CAYMAN GLOBAL EX-JAPAN BOND )
   FUND, PIMCO CAYMAN GLOBAL                      )
6  EX-JAPAN (YEN-HEDGED) BOND                     )
   FUND, PIMCO CAYMAN GLOBAL                      )
7  MULTIPLE REAL RETURN FUND,                     )
   PIMCO CAYMAN JAPAN COREPLUS )
8  FUND, PIMCO CAYMAN JAPAN LOW )
   DURATION FUND, AND PIMCO                       )
9  CAYMAN TOPIX PLUS FUND; BNY                    )
   FUND MANAGEMENT (CAYMAN) )
10 LTD. as trustee for PIMCO JAPAN LOW)
   DURATION ALPHA FUND; PACIFIC                   )
11 LIFE INSURANCE COMPANY for itself )
   and on behalf of its PACIFIC SELECT            )
12 FUND and its  MANAGED BOND                     )
   SERIES, its PACIFIC FUNDS and its              )
13 separate series MANAGED BOND FUND)
   and INFLATION MANAGED FUND;                    )
14 EQUITY TRUSTEES LIMITED for itself )
   and on behalf of the following funds,          )
15 PIMCO GLOBAL REAL RETURN                       )
   FUND, PIMCO GLOBAL COMMODITY)
16 REAL RETURN FUND, PIMCO                        )
   TARGET RETURN FUND, PIMCO                      )
17 INTERNATIONAL FIXED INTEREST                   )
   TRUST, AND MLC-GLOBAL;                         )
18 TRANSAMERICA FUND ADVISERS,                    )
   INC. for itself and on behalf of TA IDEX )
19 PIMCO REAL RETURN TIPS, a separate )
   series of Transamerica IDEX Mutual            )
20 Funds,  and on behalf of TA IDEX              )
   PIMCO TOTAL RETURN, a separate                )
21 series of Transamerica IDEX Mutual            )
   Funds, and on behalf of PIMCO TOTAL           )
22 RETURN (ATST); ABU DHABI                       )
   RETIREMENT PENSIONS AND                        )
23 BENEFIT FUND; JULIUS BAER                      )
   INVESTMENT FUND SERVICES for                   )
24 itself and on behalf of AFP UNILEVER           )
   SCHWEIZ; ALLIANZ INSURANCE                     )
25 LTD. for itself and on behalf of ALLIANZ)
   HEDGE PORTFOLIO; AMEREN                        )
26 SERVICES, CO., for itself and on behalf  )
   of AMEREN RETIREMENT PLAN AND)
27 AMEREN MASTER RETIREMENT                       )
   TRUST; OREGON INVESTMENT                       )
28

COUNCIL on behalf of OREGON
PUBLIC EMPLOYEES RETIREMENT
FUND; BOARD OF RETIREMENT OF
THE SAN DIEGO COUNTY
EMPLOYEES' RETIREMENT
ASSOCIATION; INGERSOLL RAND
COMPANY LIMITED AND ITS
WHOLLY OWNED SUBSIDIARY
TRANE, SUCCESSOR TO AMERICAN
STANDARD, INC., for itself and on
behalf of AMERICAN STANDARD
MASTER PENSION AND
RETIREMENT TRUST; ARIEL
REINSURANCE COMPANY LTD. for
itself and on behalf of its LOW
DURATION ACCOUNT; ARTSFARE
2006 TRUST NO. 1; PRUDENTIAL
INVESTMENTS LLC, AND
AMERICAN SKANDIA INVESTMENT
SERVICES, INC. AS CO-MANAGERS
for and on behalf of AMERICAN
SKANDIA TRUST (AST ADVANCED
STRATEGIES PORTFOLIO);
AUTOMOBILE CLUB OF MICHIGAN
AND AUTO CLUB INSURANCE
ASSOCIATION for themselves and on
behalf of AUTOMOBILE CLUB OF
MICHIGAN AND AUTO CLUB
INSURANCE ASSOCIATION
RETIREMENT PLAN FOR SALARIED
AND SALES EMPLOYEES; AXIS
SPECIALTY LIMITED; BAXTER
INTERNATIONAL INC. for itself and on
behalf of BAXTER INTERNATIONAL
INC. AND SUBSIDIARIES INCENTIVE
INVESTMENT PLAN TRUST;
BAYCARE HEALTH SYSTEM;
VERIZON COMMUNICATIONS, INC.,
SUCCESSOR TO BELL ATLANTIC
CORPORATION, for itself and on behalf
of BELL ATLANTIC MASTER
PENSION TRUST; BRUNEI SHELL
FUNDS SENDIRIAN BERHAD as
trustee of BRUNEI SHELL PROVIDENT
FUND AND BRUNEI SHELL
RETIREMENT BENEFIT FUND;
TRUSTEES OF THE CIVIL AVIATION
AUTHORITY PENSION SCHEME ON
BEHALF OF THE CIVIL AVIATION
AUTHORITY PENSION SCHEME'S
ABS PORTFOLIO AND SWAP
OVERLAY ACCOUNT; CAPITAL
GUIDANCE (FUND) LTD.; CATHOLIC
HEALTHCARE PARTNERS for itself

-4-

and on behalf of CATHOLIC
HEALTHCARE PARTNERS
RETIREMENT TRUST; SMITH
BARNEY FUND MANAGEMENT LLC
on behalf of CONSULTING GROUP
CAPITAL MARKETS FUNDS AND ITS
SERIES INTERNATIONAL FIXED
INCOME INVESTMENTS; CITY
UNIVERSITY OF HONG KONG; CIVIL
AVIATION AUTHORITY OF
SINGAPORE; THE CONSOLIDATED
EDISON RETIREMENT PLAN
MASTER TRUST; BOARD OF
RETIREMENT OF THE CONTRA
COSTA COUNTY EMPLOYEES'
RETIREMENT ASSOCIATION on behalf
of the CONTRA COSTA COUNTY
EMPLOYEES' RETIREMENT
ASSOCIATION (STOCKSPLUS);
ASCENSION HEALTH for itself and on
behalf of DAUGHTERS OF CHARITY
FUND; ALLIANZ GLOBAL
INVESTORS
KAPITALANLAGEGESELLSCHAFT
(GMBH) ON BEHALF OF DEUTSCHE
SHELL PENSIONEN; DEUTSCHE
BANK AMERICAS HOLDING CORP.
for itself and on behalf of DEUTSCHE
BANK CASH ACCOUNT PENSION
PLAN; FINANCE COMMITTEE OF
THE BOARD OF TRUSTEES OF THE
DIRECTORS GUILD OF AMERICA for
itself and on behalf of PRODUCER
BASIC PENSION PLAN AND
PRODUCER SUPPLEMENTAL
PENSION PLAN; DORIS DUKE
CHARITABLE FOUNDATION;
EMPLOYEES' RETIREMENT PLAN OF
SENTARA HEALTH CARE;
ENLIGHTENMENT PARTNERS;
EWING MARION KAUFFMAN
FOUNDATION; FAIRFAX COUNTY
EMPLOYEES' RETIREMENT
SYSTEM; FAIRFAX COUNTY
UNIFORMED RETIREMENT SYSTEM;
PROFIT SHARING COMMITTEE OF
FREESCALE SEMICONDUCTOR, INC.
for itself and on behalf of FREESCALE
SEMICONDUCTOR INC.
RETIREMENT SAVINGS TRUST;
FRONTIER COMMUNICATIONS
CORPORATION PENSION PLAN FOR
ITSELF AND AS SUCCESSOR TO
CITIZENS UTILITIES PENSION PLAN;

-5-

1   FUNDO DE PENSOES; FORTIS )
    INSURANCE BELGIUM, NKA AG )
2   INSURANCE, ON BEHALF OF G.A. )
    FUND-L-SICAV – BOND ACTIVE )
3   WORLD TP; PROMARK GLOBAL )
    ADVISORS LIMITED, FORMERLY GM )
4   ASSET MANAGEMENT (UK) )
    LIMITED, for itself and on behalf of GM )
5   INTERNATIONAL FIXED INTEREST )
    BONDS PFPV; PROMARK )
6   INVESTMENT ADVISORS LIMITED, )
    FORMERLY GENERAL MOTORS )
7   INVESTMENT MANAGEMENT )
    CORPORATION, for itself and on behalf )
8   of GMAM GROUP PENSION TRUST I )
    MULTI SECTOR – US/FOREIGN, )
9   GMAM GROUP PENSION TRUST II, )
    AND GMAM GROUP TRUST I; )
10  HARBOR CAPITAL ADVISORS, INC. )
    for itself and on behalf of HARBOR )
11  REAL RETURN FUND; HARTFORD )
    LIFE INSURANCE CO. (SEPARATE )
12  ACCOUNT ICM SERIES IV); )
    EMPLOYEES' RETIREMENT SYSTEM )
13  OF THE STATE OF HAWAII for itself )
    and on behalf of HAWAII EMPLOYEES' )
14  RETIREMENT SYSTEM AND HAWAII )
    EMPLOYEES' RETIREMENT SYSTEM )
15  GLOBAL PORTFOLIO; HONG KONG )
    POLYTECHNIC UNIVERSITY; IBM )
16  CORPORATION for itself and on behalf )
    of IBM SAVINGS PLAN AND IBM )
17  PERSONAL PENSION PLAN TRUST; )
    IBM RETIREMENT FUNDS EMEA )
18  (RFE) for itself and on behalf of IBM )
    GLOBAL STRATEGY FUND; )
19  INTERMOUNTAIN HEALTH CARE )
    HEALTH SERVICES INC. for itself and )
20  on behalf of IHC PENSION PLAN; )
    ILLINOIS STATE UNIVERSITIES )
21  RETIREMENT SYSTEM; INDIANA )
    STATE TEACHERS' RETIREMENT )
22  FUND; IPAC ASSET MANAGEMENT )
    LIMITED; J SAINSBURY COMMON )
23  INVESTMENT FUND LIMITED; J.C. )
    PENNEY COMPANY, INC. for itself and )
24  on behalf of J.C. PENNEY COMPANY, )
    INC. PENSION PLAN; JBUT MASTER )
25  INVESTMENT PARTNERSHIP, LLP; )
    JOHN HANCOCK INVESTMENT )
26  MANAGEMENT SERVICES LLC for )
    itself and on behalf of JOHN HANCOCK )
27  FUNDS II GLOBAL BOND FUND AND )
    JOHN HANCOCK FUNDS II REAL )
28

-6-

RETURN BOND FUND; JOHN
HANCOCK INS. CO. OF VERMONT
FOR BENEFIT NO. 113; JOHN
HANCOCK TRUST GLOBAL BOND
TRUST; JOHNS HOPKINS
UNIVERSITY; KCRC RETIREMENT
BENEFIT SCHEME UNITISED TRUST;
KUWAIT INVESTMENT AUTHORITY;
LOCAL GOVERNMENT PENSIONS
INSTITUTION OF FINLAND; LONGUE
VUE PARTNERS; LOS ANGELES
COUNTY METROPOLITAN TRANSIT
AUTHORITY for itself and on behalf of
LOS ANGELES COUNTY
METROPOLITAN TRANSIT
AUTHORITY RETIREMENT INCOME
PLANS; MARS PENSION TRUSTEES
LIMITED; MASSACHUSETTS
MUTUAL LIFE INS. COMPANY on
behalf of IBM INDEX GUARANTEED
SEPARATE ACCOUNT 1; THE
MCCLATCHY COMPANY,
SUCCESSOR TO KNIGHT-RIDDER,
INC., for itself and on behalf of THE
KNIGHT-RIDER MASTER
RETIREMENT TRUST TIPS; MET
INVESTORS ADVISORY
CORPORATION for itself and on behalf
of MET INVESTORS SERIES TRUST
(PIMCO TOTAL RETURN
PORTFOLIO); MILLERCOORS
BREWING COMPANY, FORMERLY
KNOWN AS MOLSON COORS, for
itself and on behalf of MOLSON COORS
MASTER RETIREMENT TRUST;
MISSOURI LOCAL GOVERNMENT
EMPLOYEES' RETIREMENT SYSTEM
for itself and on behalf of  MISSOURI
LAGERS – COMMODITY REAL
RETURN AND MISSOURI LAGERS –
GLOBAL REAL RETURN; MOTION
PICTURE INDUSTRY HEALTH PLAN
(ACTIVE MEMBER FUND); MOTION
PICTURE INDUSTRY INDIVIDUAL
ACCOUNT PLAN; ANNUITAS
MANAGEMENT LIMITED for itself and
on behalf of BOARD OF TRUSTEES OF
THE NATIONAL PROVIDENT FUND –
F FUND OF THE GLOBAL ASSET
TRUST; NATIONAL RAILROAD
RETIREMENT INVESTMENT TRUST;
NEBRASKA INVESTMENT COUNSEL
for itself and on behalf of STATE OF
NEBRASKA PENSION AND STATE OF

-7-

1  NEBRASKA ENDOWMENT; NESTLÉ  )
   USA, INC. for itself and on behalf of  )
2  NESTLE USA, INC. MASTER  )
   RETIREMENT TRUST; THE  )
3  COMPTROLLER OF THE CITY OF  )
   NEW YORK AS CUSTODIAN OF THE  )
4  FUNDS OF THE NEW YORK CITY  )
   EMPLOYEES' RETIREMENT SYSTEM,)
5  TEACHERS' RETIREMENT SYSTEM  )
   OF THE CITY OF NEW YORK, NEW  )
6  YORK CITY FIRE DEPARTMENT  )
   PENSION TRUST, AND NEW YORK  )
7  CITY BOARD OF EDUCATION  )
   RETIREMENT SYSTEM; NISOURCE  )
8  INC. MASTER RETIREMENT TRUST  )
   for itself and on behalf of RETIREMENT  )
9  PLAN OF COLUMBIA ENERGY  )
   GROUP COMPANIES; NTUC INCOME )
10 INSURANCE CO-OPERATIVE  )
   LIMITED; OHIO OPERATING  )
11 ENGINEERS PENSION FUND;  )
   PETROLEUM DEVELOPMENT OMAN )
12 L.L.C. for itself and on behalf of OMANI  )
   STAFF PENSION FUND; ORANGE  )
13 COUNTY EMPLOYEES' RETIREMENT)
   SYSTEM; OREGON RETAIL  )
14 EMPLOYEES' PENSION TRUST;  )
   PORSCHE BUSINESS SERVICES INC.; )
15 PENSION FUND OF THE CHRISTIAN  )
   CHURCH (DISCIPLES OF CHRIST),  )
16 INC.; PUBLIC EMPLOYEES'  )
   RETIREMENT SYSTEM OF  )
17 MISSISSIPPI; PFIZER INC. BY AND  )
   THROUGH ITS PLAN ASSETS  )
18 COMMITTEE, THE INVESTMENT  )
   COMMITTEE AND THE GLOBAL  )
19 BENEFITS INVESTMENT  )
   COMMITTEE AND ON BEHALF OF  )
20 PFIZER MASTER TRUST (PENSION  )
   TIPS PORTFOLIO); PACIFIC GAS AND)
21 ELECTRIC COMPANY for itself and on  )
   behalf of PACIFIC GAS AND  )
22 ELECTRIC COMPANY RETIREMENT  )
   PLAN MASTER TRUST; PHELPS  )
23 DODGE CORP. for itself and on behalf of )
   PHELPS DODGE CORPORATION  )
24 MASTER TRUST; PREMIER HEALTH  )
   PARTNERS for itself and on behalf of  )
25 PREMIER HEALTH PARTNERS  )
   OPERATING INVESTMENT  )
26 PROGRAM; PRIMONE INC.;  )
   PRIMTWO INC.; PRIMTHREE INC.;  )
27 PRIMFOUR INC.; PRIMFIVE INC.;  )
   AND PRIMSIX INC.; PRODUCER –  )

28

WRITERS GUILD OF AMERICA )
PENSION PLAN; DOW CHEMICAL )
COMPANY for itself and on behalf of ITS )
SUBSIDIARY UNION CARBIDE )
CORPORATION AND UNION )
CARBIDE EMPLOYEES' PENSION )
PLAN; R.R. DONNELLEY & SONS )
COMPANY for itself and on behalf of )
RETIREMENT BENEFIT TRUST OF )
R.R. DONNELLEY & SONS )
COMPANY; RAILWAYS PENSION )
TRUSTEE COMPANY LIMITED; RCM, )
FORMERLY DRESDNER RCM )
GLOBAL INVESTORS LLC, for itself )
and on behalf of DRESDNER RCM )
GLOBAL INVESTORS COMMINGLED )
FUNDS LLC AND ITS SERIES RCM )
FIXED INCOME FUND; STOCKSPLUS )
MANAGEMENT, INC. FOR ITSELF )
AND ON BEHALF OF RED RIVER )
HYPI, L.P.; SOUTHERN CALIFORNIA )
RETAIL CLERKS UNION AND FOOD )
EMPLOYERS JOINT PENSION TRUST )
FUND; SAMARITAN INSURANCE )
FUNDING LIMITED; FINANCE )
COMMITTEE OF THE )
SCHLUMBERGER MASTER PROFIT )
SHARING TRUST FOR AND ON )
BEHALF OF SCHLUMBERGER )
MASTER PROFIT SHARING TRUST; )
SCREEN ACTORS GUILD – )
PRODUCERS PENSION PLAN; )
SENTARA HEALTHCARE; SIERRA )
PACIFIC RESOURCES FOR ITSELF )
AND ON BEHALF OF SIERRA )
PACIFIC RESOURCES RETIREMENT )
PLAN; SISTERS OF CHARITY OF )
LEAVENWORTH HEALTH SYSTEM; )
SPECIALFORENINGEN ATP INVEST )
II (GLOBAL HIGH YIELD BOND II); )
THE NORTHERN TRUST COMPANY )
OF CONNECTICUT, AS TRUSTEE FOR )
SPRINT MASTER TRUST (ENHANCED )
INDEXATION); SSM HEALTH CARE )
PORTFOLIO MANAGEMENT )
COMPANY; STANFORD UNIVERSITY )
BY AND THROUGH THE STANFORD )
MANAGEMENT COMPANY ON )
BEHALF OF THE MERGED )
ENDOWMENT POOL; STATE )
RETIREMENT AGENCY FOR ITSELF )
AND ON BEHALF OF STATE )
RETIREMENT AND PENSION )
SYSTEM OF MARYLAND; )

COMPLAINT

STICHTING BLUE SKY ACTIVE )
GLOBAL INFLATION-LINKED BOND )
FUND; STICHTING )
BEDRIJFSTAKPENSIONENFONDS )
VOOR DE METALEKTRO (PME); )
STICHTING DOW PENSIOENFONDS; )
APG ASSET MANAGEMENT U.S. INC. )
FOR ITSELF AND ON BEHALF OF )
STICHTING PENSIOENFONDS ABP )
(INDEX LINKED BONDS); SUN LIFE )
ASSURANCE COMPANY OF CANADA )
(U.S.) (VARIABLE ACCOUNT H); )
SYSCO CORPORATION FOR ITS SELF )
AND ON BEHALF OF SYSCO )
CORPORATION RETIREMENT PLAN; )
TOWER ASSET MANAGEMENT )
LIMITED FOR ITSELF AND ON )
BEHALF OF GLOBAL BOND FUND )
AND THE INTERNATIONAL BOND )
FUND OF THE TAM GROUP )
INVESTMENT FUND; PRUDENTIAL )
INVESTMENTS LLC FOR ITSELF AND )
ON BEHALF OF THE TARGET )
PORTFOLIO TRUST )
INTERNATIONAL BOND PORTFOLIO; )
TEACHERS' RETIREMENT SYSTEM )
OF OKLAHOMA; THE SALVATION )
ARMY;  TRUSTEES OF THE CIVIL )
AVIATION AUTHORITY PENSION )
SCHEME; UNITED FOOD AND )
COMMERCIAL WORKERS )
INTERNATIONAL UNION–INDUSTRY )
PENSION FUND (BLENDED )
PORTFOLIO); SOUTHERN )
CALIFORNIA UNITED FOOD AND )
COMMERCIAL WORKERS UNIONS )
AND FOOD EMPLOYERS JOINT )
PENSION TRUST FUND )
(STOCKSPLUS); GENERAL BOARD )
OF PENSION AND HEALTH )
BENEFITS OF THE UNITED )
METHODIST CHURCH; MORELY )
FINANCIAL SERVICES, INC. ON )
BEHALF OF UNION BOND AND )
TRUST CO. - THE ACTIVELY )
MANAGED FUND; DOW CHEMICAL )
COMPANY FOR ITSELF AND ON )
BEHALF OF ITS WHOLLY OWNED )
SUBSIDIARY UNION CARBIDE )
CORPORATION AND UNION )
CARBIDE EMPLOYEES' PENSION )
PLAN; USAA BENEFITS )
INVESTMENT COMMITTEE ON )
BEHALF OF THE USAA MASTER )

-10-

TRUST, PENSION AND RSP (LONG )
DURATION) AND ON BEHALF OF )
THE USAA MASTER TRUST, )
PENSION AND SIP (REAL RETURN); )
VALERO ENERGY CORPORATION for )
itself and on behalf of VALERO )
ENERGY CORPORATION PENSION )
PLAN; VAN LEER GROUP )
FOUNDATION; INTERNATIONAL )
CITY MANAGEMENT ASSOCIATION )
RETIREMENT CORPORATION FOR )
ITSELF AND ON BEHALF OF )
VANTAGE TRUST (PLUS FUND); THE )
PRUDENTIAL COMPANY OF )
AMERICA FOR ITSELF AND ON )
BEHALF OF VCA-GI-7 DIVERSIFIED )
MORTGAGE INDEX ACCOUNT AND )
ON BEHALF OF VCA-GI-7 – MLP )
ACCOUNT; VERIZON INVESTMENT )
MANAGEMENT CORPORATION FOR )
ITSELF AND ON BEHALF OF )
VERIZON COMMUNICATIONS INC. )
MASTER SAVINGS TRUST; )
VICTORIAN FUNDS MANAGEMENT )
CORP. FOR ITSELF AND ON BEHALF )
OF VICTORIAN WORKCOVER )
AUTHORITY; INVESTMENT AND )
ADMINISTRATIVE COMMITTEE OF )
THE WALT DISNEY CO. SPONSORED )
QUALIFIED BENEFIT PLANS AND )
KEY EMPLOYEES DEFERRED )
COMPENSATION AND RETIREMENT )
PLAN MASTER TRUST FOR ITSELF )
AND ON BEHALF OF THE WALT )
DISNEY COMPANY RETIREMENT )
PLAN MASTER TRUST; THE HARRY )
AND JEANETTE WEINBERG )
FOUNDATION, INC.; GALLIARD )
CAPITAL MANAGEMENT FOR )
ITSELF AND ON BEHALF OF WELLS )
FARGO BANK INVESTMENT FUNDS )
FOR EMPLOYEE BENEFIT TRUST; )
WHEATON FRANCISCAN SERVICES, )
INC. INVESTMENT TRUST; )
WORKERS' COMPENSATION )
REINSURANCE ASSOCIATION; )
WYOMING STATE TREASURER'S )
OFFICE; XCEL ENERGY INC. for itself )
and on behalf of XCEL ENERGY INC. )
VOLUNTARY EMPLOYEES' )
BENEFICIARY TRUST FOR RETIRED )
BARGAINING UNIT EMPLOYEES; )
AND MLC INVESTMENTS LIMITED )
AS TRUSTEE FOR NATIONAL )

-11-

1   CORPORATE INVESTMENTS TRUST;  )
    EMPLOYEE BENEFIT PLANS        )
2   INVESTMENT POLICY COMMITTEE   )
    on behalf of MeadWestvaco Corporation  )
3   Retirement Plan for Salaried Employees;  )
    INTERNATIONAL PAPER COMPANY   )
4   for itself and on behalf of the Retirement  )
    Plan of International Paper Company and  )
5   certain other pension plans of International )
    Paper Company                 )
6                                 )
                    Plaintiffs    )
7                                 )
                                  )
8           vs.                   )
                                  )
9   RESIDENTIAL ACCREDIT LOANS,   )
    INC.; RESIDENTIAL FUNDING     )
10  COMPANY, LLC, FORMERLY        )
    KNOWN AS RESIDENTIAL FUNDING )
11  CORPORATION; RALI 2006-Q06    )
    TRUST; RALI 2006-Q03 TRUST;   )
12  GOLDMAN, SACHS & CO.; and UBS )
    INVESTMENT BANK,              )
13                                )
                    Defendants.   )
14                                )
                                  )
15  _____ )

16

17

18

19

20

21

22

23

24

25

26

27

28

1    TO THE HONORABLE JUDGE OF THE UNITED STATES

2  DISTRICT COURT:

3       This Complaint is filed by mutual funds and other clients of Pacific

4  Investment Management Company LLC ("PIMCO") who seek to rescind or

5  recover damages as a result of PIMCO's purchase of notes for their accounts

6  on the basis of two erroneous "free-writing prospectuses" that materially

7  misstated the credit support and payment provisions applicable to over $550

8  million of notes issued and/or sold to them by the Defendants.  In support of

9  their right to rescind these purchases, or recover the damages they suffered

10  as a result of having invested in reliance on these erroneous prospectuses,

11  plaintiffs plead as follows:

12                                  **PARTIES**

13       1.    Plaintiffs are managed mutual funds and other current or former

14  clients of PIMCO for whose accounts PIMCO purchased the notes at issue

15  in this lawsuit.  A complete list of the plaintiffs is attached to this Complaint

16  as Exhibit "A."  PIMCO is a registered investment advisor with its principal

17  place of business at 840 Newport Center Drive, Newport Beach, CA.  It is a

18  leading investment adviser and purchased the notes at issue in this complaint

19  to be held by its clients and managed mutual funds.  For ease of reference,

20  and to save space in this complaint, the plaintiffs will be referred to

21  collectively as "PIMCO Plaintiffs".

22       2.    Defendant Residential Accredit Loans, Inc. ("RALI") is a

23  securitizer of residential mortgages originated by Defendant Residential

24  Funding Corporation, a wholly owned subsidiary of GMAC-RFC Holding

25  Company, LLC.  RALI's principal place of business is 8400 Normadale

26  Lake Blvd., Suite 600, Minneapolis, MN  55437; Registered Agent is

27  Corporation Service Company, 2711 Centerville Road, Suite 400,

28

COMPLAINT

1  Wilmington, DE 19808. It is a Delaware corporation, and was the depositor
2  of mortgages that secured the RALI Class A1 Mortgage Asset- Backed Pass
3  Through Certificates (RALI Notes) that the PIMCO Plaintiffs purchased.

4       3.     Defendant Residential Funding Company, LLC, formerly
5  known as Residential Funding Corporation ("RFC"), is the master servicer
6  and sponsor of the RALI Notes. It is also the depositor of all of the
7  mortgages pooled as security for the RALI Notes. RFC is a Delaware
8  Limited Liability Company with its principal place of business at One
9  Meridian Crossings, Suite 100, Minneapolis, MN 55423; its Registered
10  Agent is Corporation Service Company doing business in California as CSC
11  – Lawyers Incorporating Service, CA, the principals of which are Anthony
12  N. Renzi and James N. Young at One Meridian Crossings, Suite 100,
13  Minneapolis, MN 55423 and Cathy Quenneville at 200 Renaissance Center,
14  Detroit, MI 48265.

15       4.     Defendants RALI 2006-Q06 Trust and RALI 2006-Q03 Trust
16  (collectively the "Trusts") are the issuers of the RALI Notes. They are New
17  York business trusts, which issue mortgage asset-backed pass through
18  certificates in series pursuant to certain rules of the Securities and Exchange
19  Commission. Their principal office locations are listed with the SEC as
20  8400 Normadale Lake Boulevard, Suite 600, Minneapolis, Minnesota
21  55437. Defendants RALI, RFC, and the Trusts are referred to collectively in
22  this complaint as the RALI Defendants.

23       5.     Defendant Goldman, Sachs & Co., Inc. ("Goldman Sachs") is a
24  Delaware public company with its principal place of business at 85 Broad
25  Street, New York, New York 10004. Its Registered Agent is CT Corporation
26  System, California. It was the underwriter of the RALI Notes that the

27
28

PIMCO Plaintiffs purchased, and was also the direct seller of many of the notes the PIMCO Plaintiffs purchased.

6.     Defendant UBS Securities LLC ("UBS") is a licensed broker dealer who sold PIMCO certain of the RALI Notes it purchased.  UBS is an indirect wholly-owned subsidiary of UBS AG, with its principal place of business at 1285 Avenue of the Americas, 19th Floor, New York, New York 10019.  It was a direct seller of many of the notes the PIMCO Plaintiffs purchased.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, because it arises under the Securities Act of 1933.

8.     Venue is proper in this District, because it is the district in which the notes were sold to and purchased by the PIMCO Plaintiffs.

9.     All the defendants are subject to personal jurisdiction in this district because they continuously and systematically do business in California, and so are subject to general jurisdiction.  All the defendants are also subject to personal jurisdiction because the PIMCO Plaintiffs' claims arise specifically from the Defendants' contacts with PIMCO in California.

## NO ALLEGATION OF FRAUDULENT INTENT

10.     This is an action for rescission of securities contracts formed as a result of a mutual mistake, for damages as a result of the Defendants' violations of Sections 11 and 12 of the Securities Act of 1933, and for common law negligent misrepresentation.  The PIMCO Plaintiffs do not allege any fraud claims, nor does it allege that any defendant acted with fraudulent intent or scienter.  Instead, the PIMCO Plaintiffs allege *only* that the misstatements below are factual misstatements and inaccurate disclosures that arose through careless error on the part of the Defendants.

-15-

At most, the PIMCO Plaintiffs allege only that their agreements to purchase the RALI Notes at issue in this lawsuit were the result of a mutual mistake. Furthermore, to the extent any allegation of the defendants' state of mind is required, the PIMCO Plaintiffs allege solely that the erroneous representations concerning the credit support and payment rights enjoyed by the RALI Notes were the result of negligence. The PIMCO Plaintiffs disavow any intention to allege any fraudulent intent on the part of any defendant, and the allegations of this complaint should not be construed to do so. Accordingly, the provisions of Federal Rule 9(b) and the Private Securities Litigation Reform Act do not apply to this complaint.

## **BACKGROUND FACTS**

11. This action arises from material misstatements made to the PIMCO Plaintiffs in connection with their purchases of over $550 million of RALI Notes that were issued by Defendant RALI pursuant to a shelf registration statement that was filed with the Securities and Exchange Commission on or about March 3, 2006.

12. Defendant Goldman Sachs was the underwriter for each offering of the RALI Notes at issue in this lawsuit and was the direct seller of many of the RALI Notes. Defendant UBS was also the direct seller of many of the RALI Notes.

13. The Securities and Exchange Commission permits "well seasoned issuers" of securities—such as Defendants RALI and RALI Trust—to issue and sell securities pursuant to a "free-writing prospectus" that summarizes the material terms of the securities being issued. Applicable federal law, including Sections 11 and 12(2) of the Securities Act of 1933, prohibits the sale of securities by means of a material misstatement or omission in a registration statement and prospectus, respectively.

-16-

Liability under Sections 11 and 12(2) is virtually absolute, and attaches to all misrepresentations of material facts, even those that result from drafting errors.   A free writing prospectus is a "prospectus" for purposes of Section 12 liability, and is considered to be part of a registration statement for purposes of Section 11 liability.  For purposes of forming a contract to sell securities, the free writing prospectus states the terms on which the securities in question are being offered for sale.

14.  As described below, the description of the credit support for the RALI Notes in the free-writing prospectuses was believed by PIMCO, Goldman Sachs, and UBS to be accurate on each occasion when the PIMCO Plaintiffs purchased RALI Notes.  Contrary to federal law, it now appears that the stated contract terms concerning the credit support and sequential payment rights enjoyed by the RALI Notes do not conform to the descriptions of the same matters in the underlying prospectus and registration statement pursuant to which these notes were issued.  The free-writing prospectus is also materially misleading concerning which provisions—the free-writing prospectus or the prospectus and PSAs—will govern in the event of a conflict between the governing documents.  These material misstatements, which were not known to the PIMCO Plaintiffs when they purchased the RALI Notes, and which Goldman Sachs and UBS assert were not known to them when they sold the Notes to the PIMCO Plaintiffs, have caused the PIMCO Plaintiffs to sustain substantial damages.  These material misstatements and mutual mistakes concerning the credit support for the RALI Notes also afford the PIMCO Plaintiffs the right to rescind their purchases of the RALI Notes, in full.

15.  The free-writing prospectuses for the RALI Notes were issued pursuant to, and became part of, the related RALI shelf registration

statement that was originally filed on or about March 3, 2006.  These free-writing prospectuses, on which the PIMCO Plaintiffs relied in purchasing the RALI Notes, represented that these notes would enjoy significant credit support.  They also represented that the RALI Notes would enjoy priority rights to payments of principal if the performance of the underlying mortgage collateral declined to a specified level as of the "Trigger Event" defined in the free writing prospectuses.    For the avoidance of any doubt concerning the rights of the RALI Noteholders, each of the free writing prospectuses stated that in the event of any conflict between the free writing prospectus and the underlying prospectus, the free writing prospectus would govern as follows:

> **Important notice about information presented in any final term sheet for any class of offered certificates, the term sheet supplement and the related base prospectus with regard to the offered certificates**:
>
> We provide information to you about the offered certificates in three or more separate documents that provide progressively more detail:
>
> - the related base prospectus, dated March 3, 2006, which provides general information, some of which may not apply to the offered certificates;
> - the term sheet supplement, dated March 13, 2006, which provides general information about series of certificates pursuant to the depositor's QO program, some of which may not apply to the offered certificates; and
> - this term sheet, which describes terms applicable to the classes of offered certificates described herein and provides a description of certain collateral stipulations regarding the

mortgage loans and the parties to the transaction.

The registration statement to which this offering relates is Commission File Number 333-131213.

…

*If the description of the offered certificates in this term sheet differs from the description of the senior certificates in the related base prospectus or the term sheet supplement, you should rely on the description in this term sheet. …*[1]

The free writing prospectuses went on to state that the sale of the RALI A1 Notes were *conditioned upon* the securities having the characteristics described in the free-writing prospectuses: "Our obligation to sell securities to you is conditioned on the securities having the characteristics described in these materials. If we determine that condition is not satisfied in any material respect, we will notify you, and neither the issuer nor the underwriter will have any obligation to you to deliver all or any portion of the securities you have committed to purchase, and there will be no liability between us as a consequence of the non-delivery."

16.    The free-writing prospectuses also represented that the RALI Notes would be governed by Pooling and Servicing Agreements (PSAs) that tracked the priority of payment provisions specified in the free-writing prospectus, including the defined "Trigger Event." It cannot be disputed that the free-writing prospectus was required to describe these provisions of the

---

[1] *See* Free Writing Prospectus RALI 2006-Q03 Notes, at pp. 1 and 3; Free Writing Prospectus RALI 2006-Q-06 Notes, at pp. 1 and 3. (Emphasis and italics original).

COMPLAINT

PSAs accurately.  It also cannot be disputed that the free writing prospectus did not, in fact, do so.

17.   In each case, PIMCO (the PIMCO Plaintiffs' investment adviser) was presented with a free-writing prospectus that represented that, as a result of the Trigger Event, payments of principal would be diverted to the RALI Notes to protect them from losses on the underlying mortgages.   The definition of "Trigger Event" in the free writing prospectus for the RALI Q03 Notes stated that the triggers could occur as early as 2009:

> **Trigger Event:** A Trigger Event is in effect with respect to any Distribution Date ***if either*** (i) ***on or after the Stepdown Date*** the Sixty-Plus Delinquency Percentage, as determined on that Distribution Date, exceeds 35.41% prior to the Distribution Date in April 2012 or 40.00% on or after the Distribution Date in April 2012 of the current Senior Enhancement Percentage ***or*** (ii) ***on or after the Distribution Date in April 2009*** the aggregate amount of realized losses allocated as a percentage of the Cut-Off Date aggregate stated principal balance of the Mortgage Loans exceeds the values defined below: [citing performance metrics]

*See* Free Writing Prospectus for RALI Q03 Notes at 13 (emphasis added). For purposes of the Free Writing Prospectus, therefore, the Trigger Event could occur ***either*** after a Stepdown Date ***or*** when the collateral performance criteria were not met for any Distribution Date (i.e. interest or principal payment date) that occurred after April 2009.   Stated affirmatively, if the collateral performance was deficient, under the Free-Writing Prospectus a Trigger Event could occur as soon as April of 2009. The definition was the same for the Q'06 Notes, but the specified date in paragraph (ii) was July of 2008.  PIMCO, for itself and on behalf of the

COMPLAINT

PIMCO Plaintiffs, relied on the definition of the Trigger Event in the free writing prospectuses when it purchased the RALI Notes for the PIMCO Plaintiffs. In short, when the PIMCO Plaintiffs contracted to buy the RALI Notes, they had received free writing prospectuses from Goldman Sachs and RALI, and had received verbal and written communications from Goldman Sachs and UBS, each of which conditioned the PIMCO Plaintiffs' purchase of the RALI Notes on the fact that the RALI Notes would benefit from a complete priority of payments of principal in the event the delinquency triggers specified in the free-writing prospectus were met.

18.   For example, in a March 2008 email sent to PIMCO by a UBS sales person prior to certain PIMCO Plaintiffs' purchase of over $400 million of Q'06 Notes from UBS, UBS represented to PIMCO that "one important feature about this bond that differentiates it from similar super senior pass throughs is that it has a Sequential Trigger....so after month 24 (in 4 months) if the bond is failing the delinquency triggers (currently 11.67% 60+delq., threshold is 3.56%), the AAA bonds which are currently pro rata pay but will soon pay down sequentially." This email confirmed that the Trigger could happen "(in 4 months)," i.e. in July of 2008, the date specified in the free writing prospectus for the Q'06 Notes. It went on to confirm that the Trigger Event would operate as was represented in the free writing prospectus: "this bond basically becomes a front pay seq[uential] and the rest of the deal *will be locked out*. The subordination provision will increase over time, *minimizing the credit risk* to the A1 holder." (emphasis added). In connection with the original purchase by certain PIMCO Plaintiffs of the Q'03 Notes, Goldman Sachs sent PIMCO passwords to permit it to access electronic models of the collateral performance that were available on Intex. The models Goldman Sachs permitted PIMCO to view

-21-

reflected the same concepts; namely, an early trigger date based upon a calendar date, and that in the event the delinquency triggers specified in the free-writing prospectuses were met, the RALI Notes would benefit from a priority of payments of principal, and the remaining bonds in the series would be locked out, and paid no principal, until they were paid in full.

19.    In reliance on the free-writing prospectus, and the other information it had received from Defendant Goldman Sachs, on March 21, 2006 certain of the PIMCO Plaintiffs purchased from Goldman Sachs over $150 million of A1 RALI Q'03 Notes underwritten by Goldman Sachs. This purchase was made in the initial offering of those notes, and is traceable directly to it.

20.    In reliance on the free-writing prospectus, and the other information it had received from Defendants Goldman Sachs and UBS, on March 5, 2008 certain of the PIMCO Plaintiffs purchased over $400 million of A1 RALI Q'06 Notes, originally underwritten by Defendant Goldman Sachs, from Defendant UBS.  This purchase was not made in the initial, single-issue offering of these notes, but the notes these PIMCO Plaintiffs purchased are traceable directly to that single-issue offering.  No other notes of this series, or bearing this CUSIP number, have been issued since the initial offering of these notes

21.  By the Spring of 2009, the performance of the collateral securing the RALI Notes had declined to the level required to create a "Trigger Event" as defined in the free-writing prospectuses.  The PIMCO Plaintiffs should, therefore, have begun to receive complete priority of payments of principal under the RALI Notes.  They have not.  Instead, despite the representations made in the free-writing prospectuses, the RALI Notes have

1     continued to make pro rata payments of principal, because the PSAs

2     governing payments by the Trustee do not provide for this priority.

3         22. The PSAs that govern the payments of principal by the Trustee do

4     *not*, it now appears, define a "Trigger Event" the same way as it is defined in

5     the free-writing prospectuses. Critically, as defined in the PSAs, a Trigger

6     Event does *not* occur on the collateral performance levels and dates specified

7     in the free-writing prospectuses. Instead, the PSAs define Trigger Event is

8     defined as follows:

9         **Trigger Event**: A Trigger Event is in effect with respect to any

10         Distribution Date *on or after the Stepdown Date* if (a) [mortgage

11         losses have reached specified levels on specified dates].

12     This definition of "Trigger Event" undermines its utility to A1 Noteholders.

13     By requiring a Stepdown Date to have occurred first, it is virtually

14     impossible for the A1 Notes to benefit from a Trigger Event, even though

15     that event exists to provide credit support for the A1 Notes. As written,

16     because a Stepdown Date must occur first, a Trigger Event will happen only

17     if: a) *no* Class A Notes are outstanding at all (for the Q'06 Notes), or, b) an

18     implausible "Senior Enhancement Percentage" has been met (for both the

19     Q'03 and the Q'06 Notes). Thus, the Trigger Event would occur either

20     when it was no longer needed, because the Class A Notes were reduced to

21     zero, or when it made no sense, because over half the loans would have paid

22     off with no losses. The PIMCO Plaintiffs would not have purchased the

23     RALI Notes, at the prices they paid for those Notes, had they known these

24     facts.

25         23. Upon learning of the inconsistency between the PSAs and the

26     free-writing prospectuses on which the PIMCO Plaintiffs had been

27     instructed to, and did, rely in buying over $550 million of RALI Notes,

28

1  PIMCO contacted Goldman Sachs, UBS, and Defendant RFC to insist that

2  its funds and clients be afforded the sequential, prioritized payments they

3  had been promised under the contracts. In response to PIMCO's inquiries,

4  Defendant Goldman Sachs eventually published a legal notice in the Wall

5  Street Journal on July 7, 2009. In that notice, Goldman Sachs stated that it

6  had "become aware of an inconsistency between the definition of 'Trigger

7  Event' in the Final Term Sheets" for the RALI Notes, on the one hand, "and

8  the Prospectus Supplements and Pooling and Servicing Agreements for the

9  respective transactions, on the other." In this notice, Goldman Sachs

10  acknowledged that, as a result of what it termed "this discrepancy," "...

11  distribution payments to be made with respect to certain classes of

12  certificates for the respective transactions may not be consistent with the

13  structure described in the Term Sheets."[2]

14       24.    Although Goldman Sachs and UBS plainly intended to sell, and

15  the PIMCO Plaintiffs plainly intended to purchase, RALI Notes that had the

16  sequential payment rights described in the free writing prospectuses, and

17  although the sale of those securities to the PIMCO Plaintiffs was

18  "conditioned upon" the existence of those characteristics, PIMCO has not

19  received what it bargained for. PIMCO has since requested that the RALI

20  Defendants provide an appropriate instruction to the Trustee, Deutsche

21  Bank, to direct it to adhere to the priority of payment provisions that all

22  parties had intended to govern the RALI Notes. On information and belief,

23  Goldman Sachs also communicated with RFC and the Trustee to express its

24

25  [2] The phrase "Final Term Sheet" is sometimes used to refer to a free writing

26  prospectus. The document discussed in the Goldman Sachs legal notice is
     the free writing prospectus at issue in this complaint.

27

28                                    -24-

own belief that the RALI Notes owned by the PIMCO Plaintiffs are—in fact—entitled to priority of payment, that sequential principal payments should be implemented, and that pro rata payment of all notes is no longer appropriate because the delinquency triggers have been met.   The RALI Defendants, however, declined to give such an instruction, and the Trustee has declined to implement the sequential payments as required by the free writing prospectus.

25.    The inability to obtain the priority of payment that the PIMCO Plaintiffs were promised demonstrates the materiality of yet another misrepresentation in the free-writing prospectuses.  Each of the prospectuses stated that, in event of a conflict between the free-writing prospectus and the registration statement, investors should rely on the free-writing prospectus. This representation was materially misleading, because it failed to inform investors that in the event of a conflict, the Trustee would be bound *not* by the free-writing prospectus, but rather by the conflicting provisions of the Pooling and Servicing Agreement.   The PIMCO Plaintiffs were thus instructed to rely on a free-writing prospectus, and on a priority of construction provision, that was utterly meaningless—because none of the Defendants made sure that the same priority of payment and construction provisions applied to the Trustee under the PSAs.

26.    As a result of the erroneous description of the Trigger Event in the free-writing prospectuses, and the lack of super senior credit support for the RALI Notes, the value of the RALI Notes held in the PIMCO Plaintiffs' portfolios has declined significantly in value.  The losses attributable to this misstatement are well in excess of $100 million.

27.  Defendant Goldman Sachs does not dispute that there are material misstatements in the free-writing prospectuses (and in the related written

representations) on which the PIMCO Plaintiffs relied in purchasing the notes.

28.    Defendant UBS cannot credibly dispute that the RALI Notes it offered to sell the PIMCO Plaintiffs were supposed to be super senior Notes that would have the ability to "lock out" other tranches in four months, nor can it credibly dispute that the RALI Notes it sold do not, in fact, have that characteristic.

29.    As the underwriter, Defendant Goldman Sachs was obliged to exercise reasonable diligence to ensure that the priority of payment and construction provisions in the free-writing prospectus represented accurately and fairly the terms of the PSAs, particularly as it pertained to the credit support and payments of principal under the Notes.   Defendant Goldman Sachs could, and should, have discovered the inconsistency between the priority of payment provisions in the PSAs and those in the free-writing prospectus through the exercise of reasonable diligence prior to offering these notes to the PIMCO Plaintiffs, and prior to the PIMCO Plaintiffs' purchase of the notes.   It also could, and should, have discovered that the priority of construction provision on which investors were instructed to rely in the free-writing prospectus was *not* contained in the PSAs themselves, a material omission that rendered this construction provision wholly illusory. The same is true of the RALI Defendants.   As the issuers, they were required to disclose accurately all of the terms and characteristics of the notes they were issuing and selling.   The RALI Notes simply do not have the credit support they were represented to have, and the representations that they had such support were materially misleading and flatly wrong.

30. Notes that have credit support sell and trade for prices higher than notes that lack credit support.   Notes that have a priority right to payments of

-26-

1    principal likewise sell and trade for prices higher than securities whose right

2    to payment is subordinated.  Credit support and priority payment rights are

3    highly material to investors who buy securitized notes, and these provisions

4    were particularly material to the PIMCO Plaintiffs' purchase of the RALI

5    Notes.  When it became clear to the market that the RALI Notes would not

6    benefit from the credit support and priority of principal payment rights that

7    the free-writing prospectuses represented they had, the price of the RALI

8    Notes dropped significantly.   This drop in price was the direct result of the

9    material misstatements in the free-writing prospectuses, and in the related

10   oral and written misstatements by the Defendants.  The misstatements, and

11   the revelation of the true facts, caused the PIMCO Plaintiffs to sustain well

12   over $100 million in damages.

13        31.  The PIMCO Plaintiffs, therefore, have been forced to file suit to

14   rescind their purchases of these notes.  It is undisputed that all parties to the

15   PIMCO Plaintiffs' contracts to purchase the RALI Notes were mutually

16   mistaken as to the credit support and sequential payment characteristics the

17   Notes enjoyed.   The PIMCO Plaintiffs have also suffered substantial

18   damages, well in excess of $100 million, because they have received the

19   priority of principal payments they were promised, and because the free-

20   writing prospectuses—on which the PIMCO Plaintiffs relied in buying these

21   notes—materially misstate the terms of the PSAs and the credit support for

22   the RALI Notes.  The conflict between the free-writing prospectuses, on the

23   one hand, and the registration statement and PSAs, on the other, rendered the

24   free-writing prospectuses materially misleading, in violation of applicable

25   federal and state securities laws.  The Defendants failure to deliver notes that

26   had the characteristics promised in the contracts also constitutes a failure of

27

28

1  a condition precedent, and is the result of a mutual mistake, such that the

2  PIMCO Plaintiffs are entitled to rescind their purchases of the RALI Notes.

3  CAUSES OF ACTION

4  **Count I:**

5  **Section 12(2) of the Securities Act of 1933 against**

6  **the RALI Defendants and Goldman Sachs**

7     32.    Plaintiffs incorporate as if fully set forth here the facts and

8  allegations contained in this Complaint.

9     33.    The RALI Defendants and Defendant Goldman Sachs violated

10  §12(2) of the Securities Act of 1933 because they offered and sold the RALI

11  Notes to the PIMCO Plaintiffs by means of materially misleading written

12  promotional materials,   misleading prospectuses, and misleading oral

13  communications.

14     34.    In the course of their sale of the RALI Notes to the PIMCO

15  Plaintiffs, these Defendants also made untrue statements of material fact and

16  omitted to state material facts necessary in order to make their statements, in

17  light of the circumstances under which they were made, not misleading at

18  the time those statements were made.

19     35.    Each of these Defendants at various times has also made or

20  assisted the other Defendants in making the untrue statements and omissions

21  of material fact enumerated above in connection with the offer and sale of

22  the RALI Notes to the PIMCO Plaintiffs.  As a result of all of the material

23  misrepresentations and omissions of these Defendants, the PIMCO Plaintiffs

24  were induced to purchase the Notes.

25     36.    These Defendants' actions were a violation of §12(2) of the

26  Securities Act of 1933.  When the true facts concerning the lack of credit

27  support for the RALI Notes were revealed, the price of the notes fell

28

1    significantly and caused the PIMCO Plaintiffs to sustain massive damages.
2    The PIMCO Plaintiffs' losses were a direct result of, and were caused by,
3    the misstatements, omissions, and half-truths concerning the credit support
4    for the RALI Notes.

5        37.    The PIMCO Plaintiffs accordingly seek to recover the full
6    amount of the damages they have sustained in accordance with the formula
7    set out in Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77(l)(2).
8    All of the losses the PIMCO Plaintiffs sustained on these Notes were caused
9    by the Defendants' material misstatements and omissions.   The PIMCO
10   Plaintiffs' losses were not caused by any intervening circumstances.

11                              **Count II:**
12           **Section 11 of the Securities Act of 1933 against**
13              **the RALI Defendants and Goldman Sachs**

14       38.    The PIMCO Plaintiffs incorporate as if fully set forth here the
15   facts and allegations contained in this Complaint.

16       39.    The free-writing prospectuses on which the PIMCO Plaintiffs
17   relied in purchasing the RALI Notes are issued pursuant to, and were
18   incorporated in, a shelf registration statement used by RALI for the purpose
19   of issuing these and other notes.

20       40.    The registration statement, and the free-writing prospectuses,
21   contain untrue statements of material fact concerning the credit support for
22   the RALI Notes, and omitted to state material facts concerning the lack of
23   credit support, that were necessary in order to make their statements, in light
24   of the circumstances under which they were made, not misleading at the
25   time those statements were made.   The registration statement and the free-
26   writing prospectuses also contained materially misleading provisions
27   concerning which document would govern in the event of a conflict between

28

1  the free-writing prospectus, on the one hand, and the registration and PSAs

2  on the other.

3       41.    The actions of the RALI Defendants and Goldman Sachs in

4  including material misstatements, omissions, and half-truths in the free-

5  writing prospectuses and the registration statements were a violation of

6  Section 11 of the Securities Act of 1933.

7       42.    The    PIMCO    Plaintiffs    were    not    aware    of    these

8  misrepresentations, omissions, and half-truths concerning the credit support

9  for the RALI Notes when they purchased them.   The PIMCO Plaintiffs

10  would not have purchased the RALI Notes at the prices they paid for them

11  had PIMCO known of the true facts concerning their lack of credit support

12  and the fact that the Notes did not, as represented, have priority of payment

13  rights over other classes of RALI securities.

14       43.    The price the PIMCO Plaintiffs paid for the RALI Notes was

15  not the price at which the Notes could have been sold had the lack of credit

16  support, and the true facts concerning the Notes' priority of payment rights,

17  been disclosed and described accurately in the free-writing prospectuses.

18  When the true facts concerning the lack of credit support and the far more

19  limited priority of payment rights were revealed, the price of the notes fell

20  significantly, and caused the PIMCO Plaintiffs to sustain massive damages.

21  The PIMCO Plaintiffs' losses were a direct result of, and were caused by,

22  the misstatements, omissions, and half-truths concerning the credit support

23  and priority of payments rights of the RALI Notes.

24       44.    The PIMCO Plaintiffs accordingly seek to recover the full

25  amount of the damages they have sustained in accordance with the formula

26  set out in Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k.  All of

27  the losses the PIMCO Plaintiffs sustained on these RALI Notes were caused

28

1   by the Defendants' material misstatements and omissions.   The PIMCO

2   Plaintiffs' losses were not caused by any intervening circumstances.   All of

3   the RALI Notes the PIMCO Plaintiffs bought are directly traceable to the

4   free-writing prospectuses and registration statement at issue.

**Count III:**

**California Corporations Code Sections 25401, 25501, and 25504**

**Against All Defendants**

8   45.   The PIMCO Plaintiffs incorporate as if fully set forth here the

9   facts and allegations contained in this Complaint.

10   46.   In connection with the issuance, offer and sale of the RALI

11   Notes by the Defendants, the Defendants prepared and distributed

12   prospectus materials that purported to describe the material facts regarding

13   the securities and the terms of their distribution.   Copies of the prospectus

14   materials were transmitted to the PIMCO Plaintiffs in the State of California

15   in connection with the issuance, offer and sale of the RALI Notes.

16   47.   Defendants included material, untrue statements in the

17   prospectus materials transmitted to the Plaintiffs as described above.

18   48.   In connection with the issuance, offer and sale of the RALI

19   Notes, the Defendants also made statements and representations to the

20   PIMCO Plaintiffs in other written and oral presentations that purported to

21   describe the material facts regarding the RALI Notes.   These statements

22   included the material, untrue facts as described above.

23   49.   In connection with the issuance, offer and sale of the RALI

24   Notes, Defendants and their agents omitted facts necessary in order to make

25   the above-described statements, in the light of the circumstances under

26   which they were made, not misleading.

27

28

-31-

50.   The Defendants' statements in the prospectus materials, and in statements that were separate from the prospectus materials, constituted offers to sell in California or a solicitation in California of an offer to buy the RALI Notes, and the untrue statements and omissions of material facts contained in the prospectus materials and the separate statements were made in the course of the issuance and offering to sell the RALI Notes by Defendants.

51.   By reason of the facts set out above, Defendants violated California Corporations Code Section 25401 in the offering and sale to the PIMCO Plaintiffs of each of the Notes sold by the Defendants to PIMCO Plaintiffs.

52.   By reason of the Defendants' violation of California Corporation Code Section 25401, the PIMCO Plaintiffs are entitled under Corporation Code Section 25501 to recover rescissory damages from the Defendants who qualify as statutory "sellers" in an amount calculated as the difference between (a) the prices at which the securities were bought plus interest at the legal rate from the dates of purchase and (b) the value of the securities at the time they were disposed of by the PIMCO Plaintiffs (or if still possessed by the PIMCO Plaintiffs, the value as of the date of the filing of this lawsuit) plus the amounts of any income received on the securities by the the PIMCO Plaintiffs.

53.   To the extent that certain Defendants were not statutory "sellers" for one or more of the PIMCO Plaintiffs' purchases, each such Defendant (i) directly or indirectly controlled the statutory "seller" Defendant and/or (ii) was a broker-dealer or agent who materially aided in the act or transaction constituting the violation.  All such Defendants had knowledge or reasonable grounds to believe in the existence of facts

-32-

1  establishing the material misrepresentations or omissions underlying the

2  statutory "seller" Defendants' liability under Section 25501.  By reason of

3  the above facts, each such Defendant is jointly and severally liable with the

4  statutory "seller" Defendants under Corporations Code Section 25504 for the

5  violation of Section 25401.  The PIMCO Plaintiffs are therefore entitled to

6  rescissory damages as described above from all Defendants, not merely the

7  statutory "seller" Defendants from whom they purchased the RALI Notes.

8  **Count IV:**

9  **Common Law Negligent Misrepresentation against All Defendants**

10      54.    The PIMCO Plaintiffs incorporate as if fully set forth here the

11  facts and allegations contained in this Complaint.

12      55.    As described herein, each of the Defendants is also liable to the

13  PIMCO Plaintiffs in damages for committing negligent misrepresentations

14  by supplying materially false information to the PIMCO Plaintiffs in

15  connection with the offer and sale of the Notes to the PIMCO Plaintiffs.

16      56.    The Defendants furnished the prospectus materials and other

17  written and oral information to the PIMCO Plaintiffs.  Defendants prepared

18  these documents and and/or distributed them to a known, limited class of

19  potential investors, including the PIMCO Plaintiffs, in order to induce them

20  to buy the RALI Notes.  The PIMCO Plaintiffs are therefore reasonably

21  foreseeable recipients of the prospectus materials and other representations

22  and part of the known and identifiable class whom Defendants knew or had

23  reason to know were likely to rely on the Defendants' misrepresentations.

24      57.    The PIMCO Plaintiffs received the prospectus materials and

25  other written and oral presentations from Defendants before investing in the

26  RALI Notes for this proper business purpose; namely, making an investment

27  in the Notes.  The PIMCO Plaintiffs also received the other oral and written

28

misstatements from the Defendants, and were subject to the materially misleading omissions of the Defendants as set out above, in connection with the same proper, business purpose.

58.    The Defendants each had a business interest in the transaction by which the RALI Notes were sold to the PIMCO Plaintiffs.    Each Defendant had a duty to provide the PIMCO Plaintiffs with materially accurate information, and each had a duty not to misrepresent the terms of the offerings or the Notes.    However, each Defendant failed to exercise reasonable care in connection with the issuance and sale of the Notes, including the preparation, presentation and dissemination of the prospectus materials and other written information provided to the PIMCO Plaintiffs.

59.    In addition, all the Defendants failed to exercise reasonable care in making the oral and written representations to the PIMCO Plaintiffs.

60.    Each of the Defendants had a substantial pecuniary interest in the sale of the RALI Notes, because all stood to receive substantial personal gain if the transaction closed.

61.    Defendants acted at least negligently by making the various untrue statements of material facts and omitting to state in full detail the facts necessary in order to make the statements they made, as described above, not misleading.

62.    The untrue statements and omissions detailed above in the prospectus materials and the other written and oral presentations were material in that they related to matters that would have been of importance or significance in the PIMCO Plaintiffs' decision whether to purchase the Notes.    Furthermore, the PIMCO Plaintiffs would have viewed the disclosure of the true facts as significantly altering the total mix of information available.

63.    The Defendants also acted with gross negligence when they made the misrepresentations, and omitted to state in full detail the material facts set out above.

64.    At the time of such misrepresentations and omissions of material facts, the PIMCO Plaintiffs were ignorant of their falsity and believed them to be true. The PIMCO Plaintiffs foreseeably relied upon the superior knowledge and expertise of Defendants, and justifiably relied, to their detriment, on the misrepresentations and omissions made by the Defendants. Had the PIMCO Plaintiffs been aware of the truth, they would not have purchased the RALI Notes.

65.    The PIMCO Plaintiffs are therefore entitled to recover from the Defendants all of the damages for the losses Plaintiffs sustained as a result of their reliance on the Defendants' negligent misrepresentations and omissions of the facts pertinent to the RALI Notes.

## Count V

### Rescission and Failure of Condition Precedent

66.    The PIMCO Plaintiffs incorporate by reference all of the prior allegations in this complaint.

67.    The PIMCO Plaintiffs' purchase of the RALI Notes was expressly "conditioned on the securities having the characteristics described in" the free writing prospectuses.

68.    The PIMCO Plaintiffs purchased RALI A1 Q'03 Notes directly from Goldman Sachs on the understanding that these Notes had the sequential payment characteristics described in the free writing prospectus. These sequential payment rights were a material part of the bargain, and went to the heart of the consideration for the PIMCO Plaintiffs' purchase of the Notes. Goldman Sachs shared the PIMCO Plaintiffs' understanding and

1  intent concerning the required characteristics of the Notes at the time the
2  contract to purchase was made.

3      69.    The PIMCO Plaintiffs also purchased RALI A1 Q'06 Notes
4  directly from UBS on the understanding that these Notes had the sequential
5  payment characteristics described in the free writing prospectus, including
6  the right to "lock out" other tranches in as soon as four months.   These
7  sequential payment rights were a material part of the bargain, and went to
8  the heart of the consideration for the PIMCO Plaintiffs' purchase of the
9  Notes.    UBS shared the PIMCO Plaintiffs' understanding and intent
10 concerning the required characteristics of the Notes at the time the contract
11 to purchase was made.

12     70.    Goldman Sachs and the PIMCO Plaintiffs, and UBS and the
13 PIMCO Plaintiffs, were each mistaken as to this material fact that was a
14 basic assumption of the contracts.   The contracts pursuant to which the
15 Notes were sold to the PIMCO Plaintiffs did not impose the risk of mistake
16 on the PIMCO Plaintiffs, nor did they make the mistake due to its neglect of
17 a legal duty.   To the contrary, the PIMCO Plaintiffs made the mistake
18 because—as instructed by the contracts of sale—PIMCO read and relied
19 upon the description of the Trigger Event contained in the free writing
20 prospectus in purchasing the RALI Notes for the PIMCO Plaintiffs.

21     71.    As described above, contrary to the contract terms, the RALI
22 Notes do not enjoy super senior status, nor do they have the sequential
23 payment rights and characteristics all parties believed they had when the
24 PIMCO Plaintiffs bought the Notes.  The Notes that these Defendants sold,
25 and that the PIMCO Plaintiffs bought, did not exist; instead, as a result of a
26 mutual mistake of the parties, the Notes the Defendants sold and that the
27 PIMCO Plaintiffs bought are *not* super senior notes, and they do *not* have

28
                                   -36-

1   the sequential payment rights and characteristics on which the PIMCO
2   Plaintiffs' purchase was conditioned.    If these facts had been known the
3   parties, there would have been no contract.   The PIMCO Plaintiffs are
4   therefore entitled to rescind their purchase, in full, for all of the Notes they
5   still hold.  They are also entitled to recover their actual losses sustained on
6   the Notes they purchased but later sold.

7     72. The failure of these facts and characteristics to exist is also a
8   failure of a condition precedent, which again entitles the PIMCO Plaintiffs
9   to rescind their purchases and to recover their actual losses on the Notes they
10  sold.

11  **Count VI**
12  **Unilateral Mistake Rescission and Damages**

13    73. The PIMCO Plaintiffs incorporate in this count its allegations in
14  the above paragraphs.

15    74. In the alternative to its claim of mutual mistake, the PIMCO
16  Plaintiffs allege that they were unilaterally mistaken regarding a basic
17  assumption on which they made the contract; specifically, the belief
18  (fostered by the plain words of the contracts and the Intex models) that the
19  RALI Notes had the sequential payment characteristics described in the free
20  writing prospectuses.  That unilaterally mistaken belief was reinforced, for
21  the UBS purchase, by the UBS email reiterating that the sequential payment
22  characteristics could "lock out" junior tranches "in four months," i.e. in July
23  of 2008.  The PIMCO Plaintiffs' unilateral mistake materially affected the
24  agreed exchange of consideration and performance of the contracts in a way
25  that was materially adverse to the PIMCO Plaintiffs, in that they paid for
26  super senior notes with sequential payment rights, but received notes that are
27  merely *pari passu* with other senior tranches.

28

-37-

75.   The contracts pursuant to which the PIMCO Plaintiffs purchased these notes did not impose the risk of this mistake on them, and they were mistaken as to what it was purchasing despite the exercise of ordinary care.   Indeed, it was the PIMCO Plaintiffs' exercise of ordinary care that led to the mistake, because (as it was instructed to do) PIMCO read and relied on the free writing prospectus in deciding to purchase the Notes from Goldman Sachs and UBS.  The effect of this mistake is so catastrophic and unintended that to enforce it against the PIMCO Plaintiffs (by forcing them to retain notes they never intended to purchase) would be unconscionable.    Importantly, the RALI Defendants, as Issuers, and Goldman Sachs, as underwriter of the RALI Notes, each had a legal duty to inform itself concerning the *true* and *governing* terms of the Pooling and Servicing Agreement, and to ensure that those terms were stated accurately in the prospectus and the free writing prospectus.  Goldman Sachs and the RALI Defendants each failed to do so.  Indeed, Goldman Sachs' legal notice establishes this breach of Goldman Sachs' legal duty, because it acknowledged that Goldman Sachs "became aware of" the discrepancy *after* the RALI Notes were issued and sold, even though it had a duty to investigate and discover that discrepancy *before* the Notes were sold.

76.   The status quo ante can be restored by permitting the PIMCO Plaintiffs to rescind the purchase of the notes (or by reimbursing them for the losses suffered on those notes they sold).

## Count VII: Hawaii Securities Act, Section 482-20

77.   The PIMCO Plaintiffs incorporate as if fully set forth here the facts and allegations contained in this Complaint.  The conduct of the Defendants also violated Hawaii Securities Act Section 485-25.

78.     Each of the Defendants, in connection with the offer and sale of the Notes, made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made not misleading.

79.     These statements and omissions were material in that they related to matters that would have been of importance or significance in certain PIMCO Plaintiffs' decision whether to purchase the Notes.  Furthermore, the disclosure of the truth would have been viewed by these plaintiffs as significantly altering the total mix of information available.

80.     The PIMCO Plaintiffs reasonably and justifiably relied upon these Defendants' material misrepresentations and omissions in deciding to buy the Notes.

81.     As a proximate result of the material misrepresentations and omissions of Defendants, the PIMCO Plaintiffs were damaged and are entitled to rescind or recover their damages from each of the Defendants.

82.     Pursuant to Hawaii Securities Act, Section 485-20, the PIMCO Plaintiffs hereby tender all the Notes that they own to the Defendants and each of them.  This tender is for the purchase price, plus interest, plus court costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

The PIMCO Plaintiffs respectfully submit that, upon trial by jury, they are entitled to rescind their purchase of these notes, or alternatively to recover their actual damages sustained, as a result of the mutual mistake in their contracts to purchase the RALI Notes, the failure of a condition precedent to their purchase, their alternative claim of unilateral mistake, and the material misstatements in the prospectus, the registration statement, and

COMPLAINT

1   the written and oral representations made to the PIMCO Plaintiffs.   The

2   PIMCO Plaintiffs also request such other relief to which they may show

3   themselves to be entitled, including costs of court, attorneys' fees, and pre-

4   and post-judgment interest as allowed by law.

5

6   DATED:  November 13, 2009          KNEAFSEY TOSTADO & ASSOCIATES
                                       LLP
7

8

9                                      By

10                                        Sean Kneafsey

11                                     Attorneys for the Plaintiffs

12
        Co-Counsel:
13

14      Kathy Patrick
        Scott Humphries
15      GIBBS & BRUNS LLP
        1100 Louisiana Suite 5300
16      Houston, TX 77002
        (713) 650-8805
17      Fax:  (713) 750-0903
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

DATED:  November 13, 2009              KNEAFSEY TOSTADO & ASSOCIATES
                                       LLP


                                       By
                                          Sean Kneafsey

                                       Attorneys for Plaintiffs

Co-Counsel:


Kathy Patrick
Scott Humphries
GIBBS & BRUNS LLP
1100 Louisiana Suite 5300
Houston, TX 77002
(713) 650-8805
Fax:  (713) 750-0903

-41-

COMPLAINT

# EXHIBIT A

# EXHIBIT "A"

## THE "PIMCO PLAINTIFFS"

Plaintiff PIMCO FUNDS is an open-end investment company with its principal place of business in Newport Beach, California.  The following separate investment portfolios of PIMCO FUNDS are included in this litigation:  Foreign Bond Fund (U.S. Dollar-Hedged), Foreign Bond Fund (Unhedged), High Yield Fund, International StocksPLUS TR Strategy Fund, Japanese StocksPLUS TR Strategy Fund, Real Return Fund, Real Return Asset Fund, RealEstateRealReturn Strategy Fund, Short-Term Fund, Total Return Fund, Total Return Mortgage Fund, Asset-Backed Securities Portfolio, U.S. Government Sector Portfolio, Global Bond Fund (Unhedged), Global Bond Fund (U.S. Dollar-Hedged), International Portfolio, Mortgage Portfolio, and Income Fund.

Plaintiff PIMCO Variable Insurance Trust ("PVIT") on behalf of its Foreign Bond Portfolio and its Global Bond Portfolio is an open-end investment company with its principal place of business in Newport Beach, California.

Plaintiff Allianz Global Investors Luxembourg S.A. for itself and on behalf of Allianz PIMCO CommoditiesPLUS is an entity incorporated under

the laws of the Grand Duchy of Luxembourg with its principal place of business in Luxembourg.

Plaintiff Wilmington Trust Retirement and Institutional Services Company acting as Trustee of the Wilmington Trust Retirement and Institutional Services Company Collective Investment Trust and its PIMCO CommoditiesPLUS Trust II fund is a Delaware State Banking corporation with its principal place of business in Phoenix, Arizona.

Plaintiff Fixed Income Shares for itself and on behalf of its separate investment portfolios Series C and Series R is an open-end management investment company organized as a Massachusetts business trust having its principal place of business in New York, New York.

Plaintiff PIMCO Absolute Return Strategy V Alpha Fund is a series trust of PIMCO Offshore Funds.

Plaintiff PIMCO Global Relative Value Offshore Fund III Ltd. is an exempted company organized under the laws of the Cayman Islands.

Plaintiff PIMCO PensionPLUS Fund LLC is a Delaware limited liability company with its principal place of business in Newport Beach, California.

Plaintiff PARS Aspire Fund is an investment company incorporated under the laws of the Grand Duchy of Luxembourg with its principal place of business in Luxembourg.

Plaintiffs PIMCO Absolute Return Strategy II Offshore Fund Ltd., PIMCO Absolute Return Strategy III Offshore Fund Ltd., and PIMCO Absolute Return Strategy V Offshore Fund Ltd. are each Cayman Islands exempted companies.

Plaintiff Brown Brothers Harriman Trust Company (Cayman) Limited as trustee for PIMCO Bermuda Trust I, an open-ended unit trust established under the laws of Bermuda, and its series trusts, PIMCO Bermuda Foreign Low Duration Fund and PIMCO Bermuda JGB Floater Foreign Alpha Fund.

Plaintiff Brown Brothers Harriman Trust Company (Cayman) Limited as trustee for PIMCO Bermuda Trust II, an open-ended unit trust established under the laws of Bermuda, and its series trusts, PIMCO Bermuda LIBOR Plus Master Fund, PIMCO Bermuda JGB Floater U.S. Strategy Fund and PIMCO Bermuda JGB Floater Foreign Strategy Fund.

Plaintiff Brown Brothers Harriman Trust Company (Cayman) Limited as trustee for PIMCO Bermuda Trust IV, an open-ended unit trust established under the laws of Bermuda, and its series trusts, PIMCO

Bermuda Global Bond Ex-Japan Fund, PIMCO Bermuda Japan Core PLUS Fund, and PIMCO Global High Yield Strategy Fund.

Plaintiff Brown Brothers Harriman Trust Company (Cayman) Limited as trustee for PIMCO Cayman Trust, an open-ended unit trust established under the laws of Bermuda, and its series trusts, PIMCO Cayman Global Aggregate Ex-Japan Bond Fund, PIMCO Cayman Global Aggregate Ex-Japan Income Fund, PIMCO Cayman Global Aggregate Ex-Japan, PIMCO Cayman Global Ex-Japan Bond Fund, PIMCO Cayman Global Ex-Japan (Yen-Hedged) Bond Fund, PIMCO Cayman Global Multiple Real Return Fund, PIMCO Cayman Japan CorePLUS Fund, PIMCO Cayman Japan Low Duration Fund, and PIMCO Cayman TOPIX Plus Fund.

Plaintiff PIMCO Strategic Global Government Fund, Inc. is a Maryland corporation with its principal place of business in New York, New York.

Plaintiff PIMCO Luxembourg S.A. on behalf of PIMCO Luxembourg Trust and its sub-funds, Global Bond Fund (NOK Hedged), Global StocksPLUS TR Fund in Euros, and Commodity Real Return Strategy Fund is an entity with its principal place of business in Luxembourg.

Plaintiff PIMCO Distressed Mortgage Fund, L.P. is a Delaware Limited partnership.

Plaintiff PIMCO Australia Pty Ltd. for itself and on behalf of its clients is an entity with its principal place of business in Sydney Australia.

Plaintiff PIMCO Europe Ltd., a UK limited liability company whose registered office is in London, Great Britain.

PIMCO Global Advisors Limited for itself and on behalf of its Global Investor Series ("GIS") Global Bond, GIS Global Bond Ex-US, GIS Global Real Return, GIS CommoditiesPLUS Strategy Fund, and GIS Mortgage-Backed Securities Fund is a company incorporated under the laws of Ireland having its registered office in Dublin, Ireland.

Plaintiff BNY Fund Management (Cayman) Limited as trustee for PIMCO Japan Low Duration Alpha Fund, is an entity with its principal place of business in Tokyo, Japan.

Plaintiff Abu Dhabi Retirement Pensions and Benefit Fund is a public institution organized under the laws of the Emirate of Abu Dhabi, U.A.E with its principal place of business in Abu Dhabi, U.A.E.

Plaintiff Julius Baer Investment Fund Services Ltd. for itself and on behalf of AFP Unilever Schweiz, a Swiss umbrella fund, is a limited liability company organized under Swiss law with its principal place of business in Cham, Switzerland.

Plaintiff Allianz Insurance Limited for itself and on behalf of Allianz Hedge Portfolio is an insurance company organized under the laws of Australia with its principal place of business in Sydney, Australia.

Plaintiff Ameren Services Company for itself and on behalf of Ameren Retirement Plan and Ameren Master Retirement Trust is a Missouri corporation with its principal place of business in Springfield Illinois.

Plaintiff Ingersoll Rand Company Limited and its wholly owned subsidiary Trane, successor to American Standard, Inc., for itself and on behalf of American Standard Master Pension and Retirement Trust, a trust with its principal place of business in Piscataway, New Jersey.

Plaintiff Ariel Reinsurance Company Ltd. for itself and on behalf of its Low Duration account is a corporation organized under the laws of Bermuda with its principal place of business in Hamilton, Bermuda.

Plaintiff Artsfare 2006 Trust No. 1 is a trust with its principal place of business in New York, New York.

Plaintiff Prudential Investments LLC, a New York limited liability company, and American Skandia Investment Services, Inc., a Maryland corporation, as co-managers for and on behalf of American Skandia Trust (AST Advanced Strategies Portfolio), a Massachusetts trust with its principal place of business in Newark, New Jersey.

Plaintiffs Automobile Club of Michigan and Auto Club Insurance Association for themselves and on behalf of Automobile Club of Michigan and Auto Club Insurance Association Retirement Plan for Salaried and Sales Employees respectively are Michigan corporations each having its principal place of business in Dearborn, Michigan.

Plaintiff AXIS Specialty Limited is a company organized under the laws of Bermuda with its principal place of business in Pembroke, Bermuda.

Plaintiff Baxter International Inc. for itself and on behalf of Baxter International Inc. and Subsidiaries Incentive Investment Plan Trust is a Delaware corporation with its principal place of business in Deerfield, Illinois.

Plaintiff BayCare Health System is a Florida corporation with its principal place of business in Clearwater, Florida.

Plaintiff Verizon Communications, Inc., successor to Bell Atlantic Corporation, for itself and on behalf of Bell Atlantic Master Pension Trust is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

Plaintiff Brunei Shell Funds Sendirian Berhad as trustee of Brunei Shell Provident Fund and Brunei Shell Retirement Benefit Fund is an entity with its principal place of business in Brunei Darussalam.

Plaintiff Trustees of The Civil Aviation Authority Pension Scheme on behalf of the Civil Aviation Authority Pension Scheme's ABS Portfolio and Swap Overlay Account is an entity with its principal place of business in London, Great Britain.

Plaintiff Capital Guidance (Fund) Ltd. is an entity with its principal place of business in Geneva, Switzerland.

Plaintiff Catholic Healthcare Partners for itself and on behalf of Catholic Healthcare Partners Retirement Trust is an Ohio non-profit corporation with its principal place of business in Cincinnati, Ohio.

Plaintiff Smith Barney Fund Management LLC on behalf of Consulting Group Capital Markets Funds and its series International Fixed Income Investments, a Massachusetts Business Trust with its principal place of business in Wilmington, Delaware.

Plaintiff City University of Hong Kong is an entity with its principal place of business in Kowloon, Hong Kong.

Plaintiff Civil Aviation Authority of Singapore is an entity organized under the laws of Singapore with its principal place of business in Singapore.

Plaintiff The Consolidated Edison Retirement Plan Master Trust is a trust with its principal place of business in New York, New York.

Plaintiff Board of Retirement of the Contra Costa County Employees' Retirement Association on behalf of the Contra Costa County Employees' Retirement Association (StocksPLUS), a trust organized under California law with its principal place of business in Concord, California.

Plaintiff Ascension Health for itself and on behalf of Daughters of Charity Fund P is a Missouri non-profit corporation with its principal place of business in St. Louis, Missouri.

Plaintiff Allianz Global Investors Kapitalanlagegesellschaft mbH on behalf of Deutsche Shell Pensionen, is an entity with its principal place of business in Hamburg, Germany.

Plaintiff Deutsche Bank Americas Holding Corp. for itself and on behalf of Deutsche Bank Cash Account Pension Plan is a Delaware corporation with its principal place of business in New York, New York.

Plaintiff Finance Committee of the Board of Trustees of the Directors Guild of America for itself and on behalf of Producer Basic Pension Plan and Producer Supplemental Pension Plan, each a trust having its principal place of business in Los Angeles, California.

Plaintiff Doris Duke Charitable Foundation is an entity with its principal place of business in New York, New York.

Plaintiff Employees' Retirement Plan of Sentara Health Care is a trust with its principal place of business in Norfolk, Virginia.

Plaintiff Enlightenment Partners is an entity with its principal place of business in Portland, Oregon.

Plaintiff Ewing Marion Kauffman Foundation is an entity with its principal place of business in Kansas City, Missouri.

Plaintiff Fairfax County Employees' Retirement System is a trust with its principal place of business in Fairfax, Virginia.

Plaintiff Fairfax County Uniformed Retirement System is a trust with its principal place of business in Fairfax, Virginia.

Plaintiff Profit Sharing Committee of Freescale Semiconductor, Inc. for itself and on behalf of Freescale Semiconductor Inc. Retirement Savings Trust is a Delaware corporation with its principal place of business in Austin, Texas

Plaintiff Frontier Communications Corporation Pension Plan for itself and as successor to Citizens Utilities Pension Plan is a trust with its principal place of business in Stamford, Connecticut.

Plaintiff Fundo de Pensoes is an entity with its principal place of business in Caixa Postal, Macao.

Plaintiff Fortis Insurance Belgium, *nka* AG insurance, on behalf of G.A. Fund-L-SICAV – Bond Active World TP, is an entity with its principal place of business in Brussels, Belgium.

Plaintiff Promark Global Advisors Limited, formerly GM Asset Management (UK) Limited, for itself and on behalf of GM International Fixed Interest Bonds PFPV, a unit trust organized under English law with its principal place of business in Luton, Great Britain.

Plaintiff Promark Investment Advisors Limited, formerly General Motors Investment Management Corporation, for itself and on behalf of GMAM Group Pension Trust I Multi Sector – US/Foreign, GMAM Group Pension Trust II, and GMAM Group Trust I is a corporation with its principal place of business in New York, New York.

Plaintiff Harbor Capital Advisors, Inc. for itself and on behalf of Harbor Real Return Fund is a Delaware investment corporation with its principal place of business in Chicago, Illinois.

Plaintiff Hartford Life Insurance Co. (Separate Account ICM Series IV) is a corporation organized under Connecticut law with its principal place of business in Florham Park, New Jersey.

Plaintiff Employees' Retirement System of the State of Hawaii for itself and on behalf of Hawaii Employees' Retirement System and Hawaii

Employees' Retirement System Global Portfolio (501542096) is an entity organized under Hawaii law with its principal place of business in Honolulu, Hawaii.

Plaintiff Hong Kong Polytechnic University is an entity with its principal place of business in Hong Kong.

Plaintiff IBM Corporation for itself and on behalf of IBM Savings Plan is a New York corporation with its principal place of business in White Plains, New York.

Plaintiff IBM Corporation for itself and on behalf of IBM Personal Pension Plan Trust is a New York corporation with its principal place of business in White Plains, New York.

Plaintiff IBM Retirement Funds EMEA (RFE) for itself and on behalf of IBM Global Strategy Fund, an umbrella unit trust organized under the laws of Ireland with its principal place of business in Portsmouth, Great Britain.

Plaintiff Intermountain Health Care Health Services Inc. for itself and on behalf of IHC Pension Plan is a Utah corporation with its principal place of business in Salt Lake City, Utah.

Plaintiff Illinois State Universities Retirement System is a trust organized under Illinois law with its principal place of business in Champaign, Illinois.

Plaintiff Indiana State Teachers' Retirement Fund is a public pension fund organized under Indiana law with its principal place of business in Indianapolis, Indiana.

Plaintiff IPAC Asset Management Limited for itself and on behalf of IPAC Multi-Manager Global Bond Fund is an entity with its principal place of business in Melbourne, Australia.

Plaintiff J Sainsbury Common Investment Fund Limited is a private company with its principal place of business in London, Great Britain.

Plaintiff J.C. Penney Company, Inc. for itself and on behalf of J.C. Penney Company, Inc. Pension Plan is a Delaware corporation with its principal place of business in Plano, Texas.

Plaintiff JBUT Master Investment Partnership, LLP is a Wisconsin limited liability partnership with its principal place of business in New York, New York.

Plaintiff John Hancock Investment Management Services LLC for itself and on behalf of John Hancock Funds II Global Bond Fund and John

Hancock Funds II Real Return Bond Fund is a Delaware limited liability company with its principal place of business in Boston, Massachusetts.

Plaintiff John Hancock Ins. Co. of Vermont for benefit No. 113 is a Vermont corporation with its principal place of business in Burlington, Vermont.

Plaintiff John Hancock Trust Global Bond Trust is a mutual fund with its principal place of business in Boston, Massachusetts.

Plaintiff Johns Hopkins University is a Maryland corporation with its principal place of business in Baltimore, Maryland.

Plaintiff KCRC Retirement Benefit Scheme Unitised Trust is a trust organized under the laws of Hong Kong with its principal place of business in Hong Kong.

Plaintiff Kuwait Investment Authority is a Kuwaiti public authority organized under the laws of Kuwait with its principal place of business in Safat, Kuwait.

Plaintiff Local Government Pensions Institution of Finland is an independent public corporation operating in accordance with the Local Government Pensions Act of Finland with its principal place of business in Helsinki, Finland.

Plaintiff Longue Vue Partners is an entity with its principal place of business in Portland, Oregon.

Plaintiff Los Angeles County Metropolitan Transit Authority for itself and on behalf of Los Angeles County Metropolitan Transit Authority Retirement Income Plans is an entity with its principal place of business in Los Angeles, California.

Plaintiff Mars Pension Trustees Limited is an entity with its principal place of business in Veghel, The Netherlands.

Plaintiff Massachusetts Mutual Life Ins. Company on behalf of IBM Index Guaranteed Separate Account 1 is an insurance company with its principal place of business in Springfield, Massachusetts.

Plaintiff The McClatchy Company, successor to Knight-Ridder, Inc., for itself and on behalf of the Knight-Rider Master Retirement Trust TIPS is a Delaware corporation with its principal place of business in Sacramento, California.

Plaintiff Met Investors Advisory Corporation for itself and on behalf of Met Investors Series Trust (PIMCO Total Return Portfolio) is a Delaware corporation with its principal place of business in Boston, Massachusetts.

Plaintiff MillerCoors Brewing Company, formerly known as Molson Coors, for itself and on behalf of Molson Coors Master Retirement Trust is a

Delaware corporation with its principal place of business in Denver, Colorado.

Plaintiff Missouri Local Government Employees' Retirement System for itself and on behalf of Missouri LAGERS – Commodity Real Return and Missouri LAGERS – Global Real Return is a public employee retirement system organized under Missouri law with its principal place of business in Jefferson City, Missouri.

Plaintiff Motion Picture Industry Health Plan (Active Member Fund) is a trust with its principal place of business in Studio City, California.

Plaintiff Motion Picture Industry Individual Account Plan is a trust with its principal place of business in Studio City, California.

Plaintiff Annuitas Management Limited for itself and on behalf of Board of Trustees of the National Provident Fund – F Fund of the Global Asset Trust, an entity organized under New Zealand law with its principal place of business in Wellington, New Zealand.

Plaintiff National Railroad Retirement Investment Trust is an entity with its principal place of business in Washington, D.C.

Plaintiff Nebraska Investment Counsel for itself and on behalf of State of Nebraska Pension and State of Nebraska Endowment is an entity with its principal place of business in Lincoln Nebraska.

Plaintiff Nestlé USA, Inc. for itself and on behalf of Nestlé USA, Inc. Master Retirement Trust is a Delaware corporation with its principal place of business in Greenwich, Connecticut.

Plaintiff The Comptroller of the City of New York as custodian of the funds of the New York City Employees' Retirement System, Teachers' Retirement System of the City of New York, New York City Fire Department Pension Trust, and New York City Board of Education Retirement System is a New York government entity with its principal place of business in New York, New York.

Plaintiff NiSource Inc. Master Retirement Trust for itself and on behalf of Retirement Plan of Columbia Energy Group Companies is a trust with its principal place of business in Merrillville, Indiana.

Plaintiff NTUC Income Insurance Co-operative Limited is a co-operative society registered in Singapore with its principal place of business in Singapore.

Plaintiff Ohio Operating Engineers Pension Fund is a trust with its principal place of business in Columbus, Ohio.

Plaintiff Petroleum Development Oman L.L.C. for itself and on behalf of Omani Staff Pension Fund is an entity with its principal place of business in the Sultanate of Oman.

Plaintiff Orange County Employees' Retirement System is a trust with its principal place of business in Santa Ana, California.

Plaintiff Oregon Investment Council on behalf of Oregon Public Employees Retirement Fund is an entity organized under Oregon law with its principal place of business in Salem Oregon.

Plaintiff Oregon Retail Employees' Pension Trust is a trust with its principal place of business in Tualatin, Oregon.

Plaintiff Pacific Life Insurance Company for itself and on behalf of Pacific Select Fund, a Massachusetts Business Trust, and its Managed Bond series is a California company with its principal place of business in Newport Beach, California.

Plaintiff Pacific Life Insurance Company for itself a on behalf of Pacific Funds, a Delaware Business Trust, and its separate series Managed Bond Fund and Inflation Managed Fund is a California company with its principal place of business in Newport Beach, California.

Plaintiff Porsche Business Services Inc. is an entity with its principal place of business in Lisle, Illinois.

Plaintiff Pension Fund of the Christian Church (Disciples of Christ), Inc. is an Indiana non-profit corporation with its principal place of business in Indianapolis, Indiana.

Plaintiff Public Employees' Retirement System of Mississippi is an entity organized under Mississippi law with its principal place of business in Jackson, Mississippi.

Plaintiff Pfizer Inc. by and through its Plan Assets Committee, the Investment Committee and the Global Benefits Investment Committee and on behalf of Pfizer Master Trust (Pension TIPS Portfolio) is a Delaware corporation with its principal place of business in New York, New York.

Plaintiff Pacific Gas and Electric Company for itself and on behalf of Pacific Gas and Electric Company Retirement Plan Master Trust is a corporation with its principal place of business in San Francisco, California.

Plaintiff Phelps Dodge Corp. for itself and on behalf of Phelps Dodge Corporation Master Trust is a New York corporation with its principal place of business in Phoenix, Arizona.

Plaintiff Premier Health Partners for itself and on behalf of Premier Health Partners Operating Investment Program is an Ohio non-profit corporation with its principal place of business in Dayton, Ohio.

Plaintiffs Primone Inc., Primtwo Inc., Primthree Inc., Primfour Inc., Primfive Inc., and Primsix Inc. are each incorporated in the British Virgin Islands having its principal place of business in London, Great Britain.

Plaintiff Producer – Writers Guild of America Pension Plan is a trust with its principal place of business in Burbank, California.

Plaintiff Dow Chemical Company for itself and on behalf of its subsidiary Union Carbide Corporation and Union Carbide Employees' Pension Plan (Prudential Ins. Co. Group Annuity GA-5298) is a Delaware corporation with its principal place of business in Midland, Michigan.

Plaintiff R.R. Donnelley & Sons Company for itself and on behalf of Retirement Benefit Trust of R.R. Donnelley & Sons Company is a Delaware corporation with its principal place of business in Chicago, Illinois.

Plaintiff Railways Pension Trustee Company Limited is an entity with its principal place of business in London, Great Britain.

Plaintiff RCM, formerly Dresdner RCM Global Investors LLC, for itself and on behalf of Dresdner RCM Global Investors Commingled Funds LLC and its series RCM Fixed Income Fund is an entity with its principal place of business in San Francisco, California.

Plaintiff StocksPLUS Management, Inc. for itself and on behalf of Red River HyPi, L.P. is a Delaware corporation with its principal place of business in Austin, Texas.

Plaintiff Southern California Retail Clerks Union and Food Employers Joint Pension Trust Fund is a trust with its principal place of business in

Cypress,

California.

Plaintiff Samaritan Insurance Funding Limited is an insurance company domiciled in the Cayman Islands.

Plaintiff Board of Retirement of the San Diego County Employees' Retirement Association (Core Plus and Real Return accounts) is an entity with its principal place of business in San Diego, California.

Plaintiff Finance Committee of the Schlumberger Master Profit Sharing Trust for and on behalf of Schlumberger Master Profit Sharing Trust, a trust with its principal place of business in Houston, Texas.

Plaintiff Screen Actors Guild – Producers Pension Plan is a trust with its principal place of business in Burbank, California.

Plaintiff Sentara Healthcare is a non-profit health system with its principal place of business in Norfolk, Virginia.

Plaintiff Sierra Pacific Resources for itself and on behalf of Sierra Pacific Resources Retirement Plan is a Nevada power company with its principal place of business in Las Vegas, Nevada.

Plaintiff Sisters of Charity of Leavenworth Health System is a Kansas corporation with its principal place of business in Lenexa, Kansas.

Plaintiff Specialforeningen ATP Invest II (Global High Yield Bond II), c/o Nykredit Portefølje Administration is an investment association registered with the Danish Financial Supervisory Authority with its principal of business in Copenhagen V Denmark.

Plaintiff The Northern Trust Company of Connecticut, as trustee for Sprint Master Trust (Enhanced Indexation), is a Connecticut State Bank and Trust Company with its principal place of business in Chicago, Illinois.

Plaintiff SSM Health Care Portfolio Management Company is an entity with its principal place of business in St. Louis, Missouri.

Plaintiff Stanford University by and through the Stanford Management Company on behalf of the Merged Endowment Pool is an entity with its principal place of business in Menlo Park, California.

Plaintiff State Retirement Agency for itself and on behalf of State Retirement and Pension System of Maryland is an entity with its principal place of business in Baltimore, Maryland.

Plaintiff Stichting Blue Sky Active Global Inflation-Linked Bond Fund is a bond portfolio with its principal place of business in Amstelveen, The Netherlands.

Plaintiff Stichting Bedrijfstakpensionenfonds voor de Metalektro (PME) is an entity with its principal place of business in Rijswijk, The Netherlands.

Plaintiff Stichting Dow Pensioenfonds is an entity with its principal place of business in Horgen, Switzerland.

Plaintiff APG Asset Management U.S. Inc. for itself and on behalf of Stichting Pensioenfonds ABP (Index Linked Bonds) is an entity with its principal place of business in New York, New York.

Plaintiff Sun Life Assurance Company of Canada (U.S.) (Variable Account H) is a Delaware life insurance company with its principal place of business in Wellesley Hills, Massachusetts.

Plaintiff SYSCO Corporation for its self and on behalf of SYSCO Corporation Retirement Plan is a Texas corporation with its principal place of business in Houston, Texas.

Plaintiff Tower Asset Management Limited for itself and on behalf of Global Bond Fund and the International Bond Fund of the TAM Group Investment Fund, a group investment fund, is an entity with its principal place of business in Wellington, New Zealand.

Plaintiff Prudential Investments LLC for itself and on behalf of The Target Portfolio Trust International Bond Portfolio is a New York limited

liability company with its principal place of business in Newark, New Jersey.

Plaintiff Teachers' Retirement System of Oklahoma is an entity organized under Oklahoma law with its principal place of business in Oklahoma City, Oklahoma.

Plaintiff The Salvation Army is a non-profit New York Corporation with its principal place of business in Brunswick, Maine.

Plaintiff Transamerica Fund Advisers, Inc. for itself and on behalf of TA IDEX PIMCO Real Return TIPS, a separate series of Transamerica IDEX Mutual Funds, is a Florida corporation with its principal place of business in St. Petersburg, Florida.

Plaintiff Transamerica Fund Advisers, Inc. for itself and on behalf of IDEX PIMCO Total Return, a separate series of Transamerica IDEX Mutual Funds, is a Florida corporation with its principal place of business in St. Petersburg, Florida.

Plaintiff Transamerica Fund Advisers, Inc. for itself and on behalf of PIMCO Total Return (ATST) is a Florida corporation with its principal place of business in St. Petersburg, Florida.

Plaintiff Trustees of The Civil Aviation Authority Pension Scheme is a pension trust with its principal place of business in London, Great Britain.

Plaintiff United Food and Commercial Workers International Union–Industry Pension Fund (Blended Portfolio) is a trust with its principal place of business in Mokena, Illinois.

Plaintiff Southern California United Food and Commercial Workers Unions and Food Employers Joint Pension Trust Fund (StocksPLUS) is a trust with its principal place of business in Cypress, California.

Plaintiff General Board of Pension and Health Benefits of the United Methodist Church is a Missouri corporation with its principal place of business in Evanston, Illinois.

Plaintiff Morely Financial Services, Inc. on behalf of Union Bond and Trust Co. - The Actively Managed Fund, a trust with its principal place of business in Portland, Oregon.

Plaintiff Dow Chemical Company for itself and on behalf of its wholly owned subsidiary Union Carbide Corporation and Union Carbide Employees' Pension Plan is a Delaware corporation with its principal place of business in Midland, Michigan

Plaintiff USAA Benefits Investment Committee on behalf of the USAA Master Trust, Pension and RSP (Long Duration) and on behalf of the USAA Master Trust, Pension and SIP (Real Return), each a trust having its principal place of business in San Antonio, Texas.

Plaintiff Valero Energy Corporation for itself and on behalf of Valero Energy Corporation Pension Plan is a Delaware corporation with its principal place of business in San Antonio, Texas

Plaintiff Van Leer Group Foundation is a charitable foundation with its principal place of business in Amstelveen, The Netherlands.

Plaintiff International City Management Association Retirement Corporation for itself and on behalf of Vantage Trust (PLUS Fund) is a Delaware non-profit corporation with its principal place of business in Washington, DC.

Plaintiff The Prudential Company of America for itself and on behalf of VCA-GI-7 Diversified Mortgage Index Account and on behalf of VCA-GI-7 – MLP Account is a New Jersey corporation with its principal place of business in Roseland, New Jersey.

Plaintiff Verizon Investment Management Corporation for itself and on behalf of Verizon Communications Inc. Master Savings Trust is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

Plaintiff Victorian Funds Management Corp. for itself and on behalf of Victorian WorkCover Authority is a statutory corporation organized

under the laws of the State of Victoria of the Commonwealth of Australia with its principal place of business in Melbourne, Australia.

Plaintiff Investment and Administrative Committee of The Walt Disney Co. Sponsored Qualified Benefit Plans and Key Employees Deferred Compensation and Retirement Plan Master Trust for itself and on behalf of The Walt Disney Company Retirement Plan Master Trust, a trust with its principal place of business in Burbank, California.

Plaintiff The Harry and Jeanette Weinberg Foundation, Inc. is a Maryland corporation with its principal place of business in Owings Mills, Maryland.

Plaintiff Galliard Capital Management for itself and on behalf of Wells Fargo Bank Investment Funds for Employee Benefit Trust is a wholly owned, independently operated investment management subsidiary of Wells Fargo & Company, successor to Norwest Bank Minnesota, N.A. with its principal place of business in Minneapolis, Minnesota.

Plaintiff Wheaton Franciscan Services, Inc. Investment Trust is a trust with its principal place of business in Glendale, Wisconsin.

Plaintiff Workers' Compensation Reinsurance Association is a non-profit organization with its principal place of business in Saint Paul, Minnesota

Plaintiff Wyoming State Treasurer's Office is a Wyoming government entity with its principal place of business in Cheyenne, Wyoming.

Plaintiff Xcel Energy Inc. for itself and on behalf of Xcel Energy Inc. Voluntary Employees' Beneficiary Trust for Retired Bargaining Unit Employees is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

Plaintiff MLC Investments Limited as trustee for National Corporate Investments Trust is an entity with its principal place of business in North Sydney, Australia.

Plaintiff Equity Trustees Limited for itself and on behalf of the following funds, PIMCO Global Real Return Fund, PIMCO Global CommodityRealReturn Fund, PIMCO Target Return Fund, PIMCO International Fixed Interest Trust, and MLC - Global is an entity with its principal place of business in Melbourne, Victoria.

Plaintiff Employee Benefit Plans Investment Policy Committee on behalf of MeadWestvaco Corporation Retirement Plan for Salaried Employees is an entity with its principal place of business in New York, New York.

International Paper Company for itself and on behalf of the Retirement Plan of International Paper Company and certain other pension

plans of International Paper Company is a New York Corporation with its principal place of business in Stamford, Ct.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV09- 1345 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STA** **S DISTRICT COURT, CENTRAL DISTRIC** **F CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>PIMCO Funds, et al (See Caption - Exhibit A) | DEFENDANTS<br>Residential Accredit Loans, Inc.; Residential Funding Company, LLC, Formerly known as Residential Funding Corporation; RALI 2006-Q06 Trust; RALI 2006-Q03 Trust; Goldman, Sachs, & Co.; and UBS Investment Bank |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Kneafsey Tostado & Associates, LLP<br>800 Wilshire Blvd., Ste. 710, Los Angeles, CA 90017<br>(213) 892-1200 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ In excess of $100 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Sections 12(2) and 11 of the Securities Act of 1933 – Misstatement of material facts in prospectuses and registration statement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☑ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee<br>☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   SACV09-1345

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| See Exhibit B | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| See Exhibit C | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  November 13, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# EXHIBIT A

1   KNEAFSEY TOSTADO & ASSOCIATES LLP
    Sean M. Kneafsey (SBN 180863)
2   skneafsey@KTAlaw.com
    800 Wilshire Blvd., Suite 710
3   Los Angeles, California 90017
    Telephone:   (213) 892-1200
4   Facsimile:   (213) 892-1208

5

    Attorneys for Plaintiffs
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11                                     )   Case No.
                                       )
12  PIMCO FUNDS, for its separate      )   COMPLAINT FOR VIOLATION OF
    investment portfolios; ASSET-BACKED)   SECTIONS 12(2) AND 11 OF THE
13  SECURITIES PORTFOLIO, U.S.         )   SECURITIES ACT OF 1933;
    GOVERNMENT SECTOR PORTFOLIO,)          VIOLATION OF CALIFORNIA
14  SHORT TERM FUND, TOTAL             )   CORPORATIONS CODE
    RETURN FUND, TOTAL RETURN          )   SECTIONS 25401, 25501, AND
15  MORTGAGE FUND,  MORTGAGE           )   25504; BREACH OF
    PORTFOLIO, INCOME FUND, REAL       )   CONTRACT;RESCISSION;
16  RETURN FUND, REAL RETURN           )   MUTUAL AND UNILATERAL
    ASSET FUND, REAL ESTATE REAL       )   MISTAKE; NEGLIGENT
17  RETURN STRATEGY FUND, GLOBAL )          MISREPRESENTATION; AND,
    BOND FUND, GLOBAL BOND FUND        )   THE HAWAII SECURITIES ACT;
18  (U.S. DOLLAR HEDGED),              )
    INTERNATIONAL PORTFOLIO,           )   DEMAND FOR JURY TRIAL
19  FOREIGN BOND FUND (U.S. DOLLAR )
    HEDGED), FOREIGN BOND FUND,        )
20  HIGH YIELD FUND,                   )
    INTERNATIONAL STOCKS PLUS          )
21  TREASURY STRATEGY FUND,            )
    JAPANESE STOCKS PLUS TREASURY)
22  STRATEGY FUND ; PIMCO              )
    VARIABLE INSURANCE TRUST on        )
23  behalf of its Foreign Bond Portfolio and its)
    Global Bond Portfolio; PIMCO       )
24  ABSOLUTE RETURN STRATEGY V         )
    ALPHA FUND; PIMCO GLOBAL           )
25  RELATIVE VALUE OFFSHORE FUND )
    III, LTD.; PIMCO PENSIONPLUS       )
26  FUND LLC; PIMCO ABSOLUTE           )
    RETURN STRATEGY II OFFSHORE        )
27  FUND LTD; PIMCO ABSOLUTE           )
    RETURN STRATEGY III OFFSHORE       )
28
                              -1-
                                                      COMPLAINT

FUND LTD.; PIMCO ABSOLUTE )
RETURN STRATEGY V OFFSHORE )
FUND LTD; PIMCO STRATEGIC )
GLOBAL GOVERNMENT FUND, INC.; )
PIMCO LUXEMBOURG S.A. on behalf )
of PIMCO LUXEMBOURG TRUST )
AND ITS SUB-FUNDS, GLOBAL )
BOND FUND, GLOBAL STOCKS PLUS )
TREASURY FUND IN EUROS, AND )
COMMODITY REAL RETURN )
STRATEGY FUND; PIMCO )
DISTRESSED MORTGAGE FUND, )
L.P.; PIMCO AUSTRALIA PTY LTD., )
for itself and its clients; PIMCO EUROPE )
LTD.; PIMCO GLOBAL ADVISORS )
LTD. for itself and on behalf of its )
GLOBAL INVESTOR SERIES, )
GLOBAL BOND, GIS GLOBAL BOND )
EX-US, GIS GLOBAL REAL RETURN, )
GIS COMMDITIESPLUS STRATEGY )
FUND, GIS MORTGAGE BACKED )
SECURITIES FUND; ALLIANZ )
GLOBAL INVESTORS for itself and on )
behalf of ALLIANZ COMMODITIES )
PLUS; WILMINGTON TRUST as )
Trustee of WILMINGTON TRUST )
RETIREMENT AND INSTITUTIONAL )
SERVICES COMPANY COLLECTIVE )
INVESTMENT TRUST and as Trustee of )
PIMCO COMMODITIES PLUS TRUST )
II; FIXED INCOME SHARES for itself )
and on behalf of its separate investment )
portfolios SERIES C AND SERIES R; )
PARS ASPIRE FUND; BROWN )
BROTHERS HARRIMAN TRUST )
COMPANY (CAYMAN) LTD. as Trustee )
for PIMCO BERMUDA TRUST I and its )
series trusts, PIMCO BERMUDA )
FOREIGN LOW DURATION FUND )
AND PIMCO BERMUDA JBG )
FLOATER FOREIGN ALPHA FUND, )
and as Trustee for PIMCO BERMUDA )
TRUST II, and its series trusts; PIMCO )
BERMUDA LIBOR PLUS MASTER )
FUND, PIMCO BERMUDA JGB )
FLOATER US STRATEGY FUND, AND )
PIMCO BERMUDA JGB FLOATER )
FOREIGN STRATEGY FUND, and as )
Trustee for PIMCO BERMUDA TRUST )
IV, and its series trusts, PIMCO )
BERMUDA GLOBAL BOND EX- )
JAPAN FUND, BERMUDA JAPAN )
CORE PLUS FUND, AND PIMCO )
GLOBAL HIGH YIELD STRATEGY )

-2-

1   FUND, and as Trustee for PIMCO )
    CAYMAN TRUST and its series trusts, )
2   PIMCO CAYMAN GLOBAL )
    AGGREGATE EX-JAPAN BOND )
3   FUND, PIMCO CAYMAN GLOBAL )
    AGGREGATE EX-JAPAN INCOME )
4   FUND, PIMCO CAYMAN GLOBAL )
    AGGREGATE EX-JAPAN, PIMCO )
5   CAYMAN GLOBAL EX-JAPAN BOND )
    FUND, PIMCO CAYMAN GLOBAL )
6   EX-JAPAN (YEN-HEDGED) BOND )
    FUND, PIMCO CAYMAN GLOBAL )
7   MULTIPLE REAL RETURN FUND, )
    PIMCO CAYMAN JAPAN COREPLUS )
8   FUND, PIMCO CAYMAN JAPAN LOW )
    DURATION FUND, AND PIMCO )
9   CAYMAN TOPIX PLUS FUND; BNY )
    FUND MANAGEMENT (CAYMAN) )
10  LTD.  as trustee for PIMCO JAPAN LOW )
    DURATION ALPHA FUND; PACIFIC )
11  LIFE INSURANCE COMPANY for itself )
    and on behalf of its PACIFIC SELECT )
12  FUND and its  MANAGED BOND )
    SERIES, its PACIFIC FUNDS and its )
13  separate series MANAGED BOND FUND )
    and INFLATION MANAGED FUND; )
14  EQUITY TRUSTEES LIMITED for itself )
    and on behalf of the following funds, )
15  PIMCO GLOBAL REAL RETURN )
    FUND, PIMCO GLOBAL COMMODITY )
16  REAL RETURN FUND, PIMCO )
    TARGET RETURN FUND, PIMCO )
17  INTERNATIONAL FIXED INTEREST )
    TRUST, AND MLC-GLOBAL; )
18  TRANSAMERICA FUND ADVISERS, )
    INC. for itself and on behalf of TA IDEX )
19  PIMCO REAL RETURN TIPS, a separate )
    series of Transamerica IDEX Mutual )
20  Funds,  and on behalf of TA IDEX )
    PIMCO TOTAL RETURN, a separate )
21  series of Transamerica IDEX Mutual )
    Funds, and on behalf of PIMCO TOTAL )
22  RETURN (ATST); ABU DHABI )
    RETIREMENT PENSIONS AND )
23  BENEFIT FUND; JULIUS BAER )
    INVESTMENT FUND SERVICES for )
24  itself and on behalf of AFP UNILEVER )
    SCHWEIZ; ALLIANZ INSURANCE )
25  LTD. for itself and on behalf of ALLIANZ )
    HEDGE PORTFOLIO; AMEREN )
26  SERVICES, CO., for itself and on behalf )
    of AMEREN RETIREMENT PLAN AND )
27  AMEREN MASTER RETIREMENT )
    TRUST; OREGON INVESTMENT )
28

-3-

COUNCIL on behalf of OREGON
PUBLIC EMPLOYEES RETIREMENT
FUND; BOARD OF RETIREMENT OF
THE SAN DIEGO COUNTY
EMPLOYEES' RETIREMENT
ASSOCIATION; INGERSOLL RAND
COMPANY LIMITED AND ITS
WHOLLY OWNED SUBSIDIARY
TRANE, SUCCESSOR TO AMERICAN
STANDARD, INC., for itself and on
behalf of AMERICAN STANDARD
MASTER PENSION AND
RETIREMENT TRUST; ARIEL
REINSURANCE COMPANY LTD. for
itself and on behalf of its LOW
DURATION ACCOUNT; ARTSFARE
2006 TRUST NO. 1; PRUDENTIAL
INVESTMENTS LLC, AND
AMERICAN SKANDIA INVESTMENT
SERVICES, INC. AS CO-MANAGERS
for and on behalf of AMERICAN
SKANDIA TRUST (AST ADVANCED
STRATEGIES PORTFOLIO);
AUTOMOBILE CLUB OF MICHIGAN
AND AUTO CLUB INSURANCE
ASSOCIATION for themselves and on
behalf of AUTOMOBILE CLUB OF
MICHIGAN AND AUTO CLUB
INSURANCE ASSOCIATION
RETIREMENT PLAN FOR SALARIED
AND SALES EMPLOYEES; AXIS
SPECIALTY LIMITED; BAXTER
INTERNATIONAL INC. for itself and on
behalf of BAXTER INTERNATIONAL
INC. AND SUBSIDIARIES INCENTIVE
INVESTMENT PLAN TRUST;
BAYCARE HEALTH SYSTEM;
VERIZON COMMUNICATIONS, INC.,
SUCCESSOR TO BELL ATLANTIC
CORPORATION, for itself and on behalf
of  BELL ATLANTIC MASTER
PENSION TRUST; BRUNEI SHELL
FUNDS SENDIRIAN BERHAD as
trustee of BRUNEI SHELL PROVIDENT
FUND AND BRUNEI SHELL
RETIREMENT BENEFIT FUND;
TRUSTEES OF THE CIVIL AVIATION
AUTHORITY PENSION SCHEME ON
BEHALF OF THE CIVIL AVIATION
AUTHORITY PENSION SCHEME'S
ABS PORTFOLIO AND SWAP
OVERLAY ACCOUNT; CAPITAL
GUIDANCE (FUND) LTD.; CATHOLIC
HEALTHCARE PARTNERS for itself

-4-

and on behalf of CATHOLIC )
HEALTHCARE PARTNERS )
RETIREMENT TRUST; SMITH )
BARNEY FUND MANAGEMENT LLC )
on behalf of CONSULTING GROUP )
CAPITAL MARKETS FUNDS AND ITS )
SERIES INTERNATIONAL FIXED )
INCOME INVESTMENTS; CITY )
UNIVERSITY OF HONG KONG; CIVIL )
AVIATION AUTHORITY OF )
SINGAPORE; THE CONSOLIDATED )
EDISON RETIREMENT PLAN )
MASTER TRUST; BOARD OF )
RETIREMENT OF THE CONTRA )
COSTA COUNTY EMPLOYEES' )
RETIREMENT ASSOCIATION on behalf)
of the CONTRA COSTA COUNTY )
EMPLOYEES' RETIREMENT )
ASSOCIATION (STOCKSPLUS); )
ASCENSION HEALTH for itself and on )
behalf of DAUGHTERS OF CHARITY )
FUND; ALLIANZ GLOBAL )
INVESTORS )
KAPITALANLAGEGESELLSCHAFT )
(GMBH) ON BEHALF OF DEUTSCHE )
SHELL PENSIONEN; DEUTSCHE )
BANK AMERICAS HOLDING CORP. )
for itself and on behalf of DEUTSCHE )
BANK CASH ACCOUNT PENSION )
PLAN; FINANCE COMMITTEE OF )
THE BOARD OF TRUSTEES OF THE )
DIRECTORS GUILD OF AMERICA for )
itself and on behalf of PRODUCER )
BASIC PENSION PLAN AND )
PRODUCER SUPPLEMENTAL )
PENSION PLAN; DORIS DUKE )
CHARITABLE FOUNDATION; )
EMPLOYEES' RETIREMENT PLAN OF)
SENTARA HEALTH CARE; )
ENLIGHTENMENT PARTNERS; )
EWING MARION KAUFFMAN )
FOUNDATION; FAIRFAX COUNTY )
EMPLOYEES' RETIREMENT )
SYSTEM; FAIRFAX COUNTY )
UNIFORMED RETIREMENT SYSTEM; )
PROFIT SHARING COMMITTEE OF )
FREESCALE SEMICONDUCTOR, INC. )
for itself and on behalf of FREESCALE )
SEMICONDUCTOR INC. )
RETIREMENT SAVINGS TRUST; )
FRONTIER COMMUNICATIONS )
CORPORATION PENSION PLAN FOR )
ITSELF AND AS SUCCESSOR TO )
CITIZENS UTILITIES PENSION PLAN; )

-5-

FUNDO DE PENSOES; FORTIS )
INSURANCE BELGIUM, NKA AG )
INSURANCE, ON BEHALF OF G.A. )
FUND-L-SICAV – BOND ACTIVE )
WORLD TP; PROMARK GLOBAL )
ADVISORS LIMITED, FORMERLY GM )
ASSET MANAGEMENT (UK) )
LIMITED, for itself and on behalf of GM )
INTERNATIONAL FIXED INTEREST )
BONDS PFPV; PROMARK )
INVESTMENT ADVISORS LIMITED, )
FORMERLY GENERAL MOTORS )
INVESTMENT MANAGEMENT )
CORPORATION, for itself and on behalf )
of GMAM GROUP PENSION TRUST I )
MULTI SECTOR – US/FOREIGN, )
GMAM GROUP PENSION TRUST II, )
AND GMAM GROUP TRUST I; )
HARBOR CAPITAL ADVISORS, INC. )
for itself and on behalf of HARBOR )
REAL RETURN FUND; HARTFORD )
LIFE INSURANCE CO. (SEPARATE )
ACCOUNT ICM SERIES IV); )
EMPLOYEES' RETIREMENT SYSTEM )
OF THE STATE OF HAWAII for itself )
and on behalf of HAWAII EMPLOYEES' )
RETIREMENT SYSTEM AND HAWAII )
EMPLOYEES' RETIREMENT SYSTEM )
GLOBAL PORTFOLIO; HONG KONG )
POLYTECHNIC UNIVERSITY; IBM )
CORPORATION for itself and on behalf )
of IBM SAVINGS PLAN AND IBM )
PERSONAL PENSION PLAN TRUST; )
IBM RETIREMENT FUNDS EMEA )
(RFE) for itself and on behalf of IBM )
GLOBAL STRATEGY FUND; )
INTERMOUNTAIN HEALTH CARE )
HEALTH SERVICES INC. for itself and )
on behalf of IHC PENSION PLAN; )
ILLINOIS STATE UNIVERSITIES )
RETIREMENT SYSTEM; INDIANA )
STATE TEACHERS' RETIREMENT )
FUND; IPAC ASSET MANAGEMENT )
LIMITED; J SAINSBURY COMMON )
INVESTMENT FUND LIMITED; J.C. )
PENNEY COMPANY, INC. for itself and )
on behalf of J.C. PENNEY COMPANY, )
INC. PENSION PLAN; JBUT MASTER )
INVESTMENT PARTNERSHIP, LLP; )
JOHN HANCOCK INVESTMENT )
MANAGEMENT SERVICES LLC for )
itself and on behalf of JOHN HANCOCK )
FUNDS II GLOBAL BOND FUND AND )
JOHN HANCOCK FUNDS II REAL )

-6-

RETURN BOND FUND; JOHN
HANCOCK INS. CO. OF VERMONT
FOR BENEFIT NO. 113; JOHN
HANCOCK TRUST GLOBAL BOND
TRUST; JOHNS HOPKINS
UNIVERSITY; KCRC RETIREMENT
BENEFIT SCHEME UNITISED TRUST;
KUWAIT INVESTMENT AUTHORITY;
LOCAL GOVERNMENT PENSIONS
INSTITUTION OF FINLAND; LONGUE
VUE PARTNERS; LOS ANGELES
COUNTY METROPOLITAN TRANSIT
AUTHORITY for itself and on behalf of
LOS ANGELES COUNTY
METROPOLITAN TRANSIT
AUTHORITY RETIREMENT INCOME
PLANS; MARS PENSION TRUSTEES
LIMITED; MASSACHUSETTS
MUTUAL LIFE INS. COMPANY on
behalf of IBM INDEX GUARANTEED
SEPARATE ACCOUNT 1; THE
MCCLATCHY COMPANY,
SUCCESSOR TO KNIGHT-RIDDER,
INC., for itself and on behalf of THE
KNIGHT-RIDER MASTER
RETIREMENT TRUST TIPS; MET
INVESTORS ADVISORY
CORPORATION for itself and on behalf
of MET INVESTORS SERIES TRUST
(PIMCO TOTAL RETURN
PORTFOLIO); MILLERCOORS
BREWING COMPANY, FORMERLY
KNOWN AS MOLSON COORS, for
itself and on behalf of MOLSON COORS
MASTER RETIREMENT TRUST;
MISSOURI LOCAL GOVERNMENT
EMPLOYEES' RETIREMENT SYSTEM
for itself and on behalf of MISSOURI
LAGERS – COMMODITY REAL
RETURN AND MISSOURI LAGERS –
GLOBAL REAL RETURN; MOTION
PICTURE INDUSTRY HEALTH PLAN
(ACTIVE MEMBER FUND); MOTION
PICTURE INDUSTRY INDIVIDUAL
ACCOUNT PLAN; ANNUITAS
MANAGEMENT LIMITED for itself and
on behalf of BOARD OF TRUSTEES OF
THE NATIONAL PROVIDENT FUND –
F FUND OF THE GLOBAL ASSET
TRUST; NATIONAL RAILROAD
RETIREMENT INVESTMENT TRUST;
NEBRASKA INVESTMENT COUNSEL
for itself and on behalf of STATE OF
NEBRASKA PENSION AND STATE OF

-7-

NEBRASKA ENDOWMENT; NESTLÉ )
USA, INC. for itself and on behalf of )
NESTLE USA, INC. MASTER )
RETIREMENT TRUST; THE )
COMPTROLLER OF THE CITY OF )
NEW YORK AS CUSTODIAN OF THE )
FUNDS OF THE NEW YORK CITY )
EMPLOYEES' RETIREMENT SYSTEM,)
TEACHERS' RETIREMENT SYSTEM )
OF THE CITY OF NEW YORK, NEW )
YORK CITY FIRE DEPARTMENT )
PENSION TRUST, AND NEW YORK )
CITY BOARD OF EDUCATION )
RETIREMENT SYSTEM; NISOURCE )
INC. MASTER RETIREMENT TRUST )
for itself and on behalf of RETIREMENT )
PLAN OF COLUMBIA ENERGY )
GROUP COMPANIES; NTUC INCOME )
INSURANCE CO-OPERATIVE )
LIMITED; OHIO OPERATING )
ENGINEERS PENSION FUND; )
PETROLEUM DEVELOPMENT OMAN )
L.L.C. for itself and on behalf of OMANI )
STAFF PENSION FUND; ORANGE )
COUNTY EMPLOYEES' RETIREMENT)
SYSTEM; OREGON RETAIL )
EMPLOYEES' PENSION TRUST; )
PORSCHE BUSINESS SERVICES INC.; )
PENSION FUND OF THE CHRISTIAN )
CHURCH (DISCIPLES OF CHRIST), )
INC.; PUBLIC EMPLOYEES' )
RETIREMENT SYSTEM OF )
MISSISSIPPI; PFIZER INC. BY AND )
THROUGH ITS PLAN ASSETS )
COMMITTEE, THE INVESTMENT )
COMMITTEE AND THE GLOBAL )
BENEFITS INVESTMENT )
COMMITTEE AND ON BEHALF OF )
PFIZER MASTER TRUST (PENSION )
TIPS PORTFOLIO); PACIFIC GAS AND)
ELECTRIC COMPANY for itself and on )
behalf of PACIFIC GAS AND )
ELECTRIC COMPANY RETIREMENT )
PLAN MASTER TRUST; PHELPS )
DODGE CORP. for itself and on behalf of)
PHELPS DODGE CORPORATION )
MASTER TRUST; PREMIER HEALTH )
PARTNERS for itself and on behalf of )
PREMIER HEALTH PARTNERS )
OPERATING INVESTMENT )
PROGRAM; PRIMONE INC.; )
PRIMTWO INC.; PRIMTHREE INC.; )
PRIMFOUR INC.; PRIMFIVE INC.; )
AND PRIMSIX INC.; PRODUCER – )

-8-

25

WRITERS GUILD OF AMERICA )
PENSION PLAN; DOW CHEMICAL )
COMPANY for itself and on behalf of ITS )
SUBSIDIARY UNION CARBIDE )
CORPORATION AND UNION )
CARBIDE EMPLOYEES' PENSION )
PLAN; R.R. DONNELLEY & SONS )
COMPANY for itself and on behalf of )
RETIREMENT BENEFIT TRUST OF )
R.R. DONNELLEY & SONS )
COMPANY; RAILWAYS PENSION )
TRUSTEE COMPANY LIMITED; RCM, )
FORMERLY DRESDNER RCM )
GLOBAL INVESTORS LLC, for itself )
and on behalf of DRESDNER RCM )
GLOBAL INVESTORS COMMINGLED )
FUNDS LLC AND ITS SERIES RCM )
FIXED INCOME FUND; STOCKSPLUS )
MANAGEMENT, INC. FOR ITSELF )
AND ON BEHALF OF RED RIVER )
HYPI, L.P.; SOUTHERN CALIFORNIA )
RETAIL CLERKS UNION AND FOOD )
EMPLOYERS JOINT PENSION TRUST )
FUND; SAMARITAN INSURANCE )
FUNDING LIMITED; FINANCE )
COMMITTEE OF THE )
SCHLUMBERGER MASTER PROFIT )
SHARING TRUST FOR AND ON )
BEHALF OF SCHLUMBERGER )
MASTER PROFIT SHARING TRUST; )
SCREEN ACTORS GUILD – )
PRODUCERS PENSION PLAN; )
SENTARA HEALTHCARE; SIERRA )
PACIFIC RESOURCES FOR ITSELF )
AND ON BEHALF OF SIERRA )
PACIFIC RESOURCES RETIREMENT )
PLAN; SISTERS OF CHARITY OF )
LEAVENWORTH HEALTH SYSTEM; )
SPECIALFORENINGEN ATP INVEST )
II (GLOBAL HIGH YIELD BOND II); )
THE NORTHERN TRUST COMPANY )
OF CONNECTICUT, AS TRUSTEE FOR )
SPRINT MASTER TRUST (ENHANCED )
INDEXATION); SSM HEALTH CARE )
PORTFOLIO MANAGEMENT )
COMPANY; STANFORD UNIVERSITY )
BY AND THROUGH THE STANFORD )
MANAGEMENT COMPANY ON )
BEHALF OF THE MERGED )
ENDOWMENT POOL; STATE )
RETIREMENT AGENCY FOR ITSELF )
AND ON BEHALF OF STATE )
RETIREMENT AND PENSION )
SYSTEM OF MARYLAND; )

COMPLAINT

STICHTING BLUE SKY ACTIVE )
GLOBAL INFLATION-LINKED BOND )
FUND; STICHTING )
BEDRIJFSTAKPENSIONENFONDS )
VOOR DE METALEKTRO (PME); )
STICHTING DOW PENSIOENFONDS; )
APG ASSET MANAGEMENT U.S. INC. )
FOR ITSELF AND ON BEHALF OF )
STICHTING PENSIOENFONDS ABP )
(INDEX LINKED BONDS); SUN LIFE )
ASSURANCE COMPANY OF CANADA )
(U.S.) (VARIABLE ACCOUNT H); )
SYSCO CORPORATION FOR ITS SELF )
AND ON BEHALF OF SYSCO )
CORPORATION RETIREMENT PLAN; )
TOWER ASSET MANAGEMENT )
LIMITED FOR ITSELF AND ON )
BEHALF OF GLOBAL BOND FUND )
AND THE INTERNATIONAL BOND )
FUND OF THE TAM GROUP )
INVESTMENT FUND; PRUDENTIAL )
INVESTMENTS LLC FOR ITSELF AND )
ON BEHALF OF THE TARGET )
PORTFOLIO TRUST )
INTERNATIONAL BOND PORTFOLIO; )
TEACHERS' RETIREMENT SYSTEM )
OF OKLAHOMA; THE SALVATION )
ARMY; TRUSTEES OF THE CIVIL )
AVIATION AUTHORITY PENSION )
SCHEME; UNITED FOOD AND )
COMMERCIAL WORKERS )
INTERNATIONAL UNION–INDUSTRY )
PENSION FUND (BLENDED )
PORTFOLIO); SOUTHERN )
CALIFORNIA UNITED FOOD AND )
COMMERCIAL WORKERS UNIONS )
AND FOOD EMPLOYERS JOINT )
PENSION TRUST FUND )
(STOCKSPLUS); GENERAL BOARD )
OF PENSION AND HEALTH )
BENEFITS OF THE UNITED )
METHODIST CHURCH; MORELY )
FINANCIAL SERVICES, INC. ON )
BEHALF OF UNION BOND AND )
TRUST CO. - THE ACTIVELY )
MANAGED FUND; DOW CHEMICAL )
COMPANY FOR ITSELF AND ON )
BEHALF OF ITS WHOLLY OWNED )
SUBSIDIARY UNION CARBIDE )
CORPORATION AND UNION )
CARBIDE EMPLOYEES' PENSION )
PLAN; USAA BENEFITS )
INVESTMENT COMMITTEE ON )
BEHALF OF THE USAA MASTER )

-10-

COMPLAINT

TRUST, PENSION AND RSP (LONG )
DURATION) AND ON BEHALF OF )
THE USAA MASTER TRUST, )
PENSION AND SIP (REAL RETURN); )
VALERO ENERGY CORPORATION for )
itself and on behalf of VALERO )
ENERGY CORPORATION PENSION )
PLAN; VAN LEER GROUP )
FOUNDATION; INTERNATIONAL )
CITY MANAGEMENT ASSOCIATION )
RETIREMENT CORPORATION FOR )
ITSELF AND ON BEHALF OF )
VANTAGE TRUST (PLUS FUND); THE )
PRUDENTIAL COMPANY OF )
AMERICA FOR ITSELF AND ON )
BEHALF OF VCA-GI-7 DIVERSIFIED )
MORTGAGE INDEX ACCOUNT AND )
ON BEHALF OF VCA-GI-7 – MLP )
ACCOUNT; VERIZON INVESTMENT )
MANAGEMENT CORPORATION FOR )
ITSELF AND ON BEHALF OF )
VERIZON COMMUNICATIONS INC. )
MASTER SAVINGS TRUST; )
VICTORIAN FUNDS MANAGEMENT )
CORP. FOR ITSELF AND ON BEHALF )
OF VICTORIAN WORKCOVER )
AUTHORITY; INVESTMENT AND )
ADMINISTRATIVE COMMITTEE OF )
THE WALT DISNEY CO. SPONSORED )
QUALIFIED BENEFIT PLANS AND )
KEY EMPLOYEES DEFERRED )
COMPENSATION AND RETIREMENT )
PLAN MASTER TRUST FOR ITSELF )
AND ON BEHALF OF THE WALT )
DISNEY COMPANY RETIREMENT )
PLAN MASTER TRUST; THE HARRY )
AND JEANETTE WEINBERG )
FOUNDATION, INC.; GALLIARD )
CAPITAL MANAGEMENT FOR )
ITSELF AND ON BEHALF OF WELLS )
FARGO BANK INVESTMENT FUNDS )
FOR EMPLOYEE BENEFIT TRUST; )
WHEATON FRANCISCAN SERVICES, )
INC. INVESTMENT TRUST; )
WORKERS' COMPENSATION )
REINSURANCE ASSOCIATION; )
WYOMING STATE TREASURER'S )
OFFICE; XCEL ENERGY INC. for itself )
and on behalf of XCEL ENERGY INC. )
VOLUNTARY EMPLOYEES' )
BENEFICIARY TRUST FOR RETIRED )
BARGAINING UNIT EMPLOYEES; )
AND MLC INVESTMENTS LIMITED )
AS TRUSTEE FOR NATIONAL )

-11-

1   CORPORATE INVESTMENTS TRUST;  )
2   EMPLOYEE BENEFIT PLANS  )
    INVESTMENT POLICY COMMITTEE  )
3   on behalf of MeadWestvaco Corporation  )
    Retirement Plan for Salaried Employees;  )
4   INTERNATIONAL PAPER COMPANY  )
    for itself and on behalf of the Retirement  )
5   Plan of International Paper Company and  )
    certain other pension plans of International )
6   Paper Company  )
                                                       )
            Plaintiffs  )
7                                                      )
                                                       )
8           vs.  )
                                                       )
9   RESIDENTIAL ACCREDIT LOANS,  )
    INC.; RESIDENTIAL FUNDING  )
10  COMPANY, LLC, FORMERLY  )
    KNOWN AS RESIDENTIAL FUNDING )
11  CORPORATION; RALI 2006-Q06  )
    TRUST; RALI 2006-Q03 TRUST;  )
12  GOLDMAN, SACHS & CO.; and UBS  )
    INVESTMENT BANK,  )
13                                                     )
            Defendants.  )
14                                                     )
                                                       )
15  _____ )

-12-

# EXHIBIT B

## EXHIBIT B - CIVIL CASE COVER SHEET

|  | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|---|---|---|
| 1. | Los Angeles County Metropolitan Transit Authority for itself and on behalf of Los Angeles County Metropolitan Transit Authority Retirement Income Plans | Los Angeles |
| 2. | Finance Committee of the Board of Trustees of the Directors Guild of America for itself and on behalf of Producer Basic Pension Plan and Producer Supplemental Pension Plan | Los Angeles |
| 3. | Motion Picture Industry Health Plan (Active Member Fund) | Los Angeles |
| 4. | Motion Picture Industry Individual Account Plan | Los Angeles |
| 5. | PIMCO FUNDS | Orange |
| 6. | PIMCO Variable Insurance Trust ("PVIT") on behalf of its Foreign Bond Portfolio and its Global Bond Portfolio | Orange |
| 7. | Allianz Global Investors Luxembourg S.A. for itself and on behalf of Allianz PIMCO CommoditiesPLUS. | Luxemburg |
| 8. | Wilmington Trust Retirement and Institutional Services Company acting as Trustee of the Wilmington Trust Retirement and Institutional Services Company Collective Investment Trust and its PIMCO CommoditiesPLUS Trust II | Arizona |
| 9. | Fixed Income Shares for itself and on behalf of its separate investment portfolios Series C and Series R | New York |
| 10. | PIMCO Absolute Return Strategy V Alpha Fund | Cayman Islands |
| 11. | PIMCO Global Relative Value Offshore Fund III Ltd. | Cayman Islands |
| 12. | PIMCO PensionPLUS Fund LLC | Orange |
| 13. | PARS Aspire Fund | Luxemburg |
| 14. | PIMCO Absolute Return Strategy II Offshore Fund Ltd., PIMCO Absolute Return Strategy III Offshore Fund Ltd., and PIMCO Absolute Return Strategy V Offshore Fund Ltd. | Cayman Islands |
| 15. | Brown Brothers Harriman Trust Company (Cayman) Limited as trustee for PIMCO Bermuda Trust II, an open-ended unit trust established under the laws of Bermuda, and its series trusts, PIMCO Bermuda LIBOR Plus Master Fund, PIMCO Bermuda JGB Floater U.S. Strategy Fund and | Bermuda |

1

| | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|---|---|---|
| | PIMCO Bermuda JGB Floater Foreign Strategy Fund | |
| 16. | Brown Brothers Harriman Trust Company (Cayman) Limited as trustee for PIMCO Bermuda Trust IV, an open-ended unit trust established under the laws of Bermuda, and its series trusts, PIMCO Bermuda Global Bond Ex-Japan Fund, PIMCO Bermuda Japan Core PLUS Fund, and PIMCO Global High Yield Strategy Fund | Bermuda |
| 17. | Brown Brothers Harriman Trust Company (Cayman) Limited as trustee for PIMCO Cayman Trust, an open-ended unit trust established under the laws of Bermuda, and its series trusts, PIMCO Cayman Global Aggregate Ex-Japan Bond Fund, PIMCO Cayman Global Aggregate Ex-Japan Income Fund, PIMCO Cayman Global Aggregate Ex-Japan, PIMCO Cayman Global Ex-Japan Bond Fund, PIMCO Cayman Global Ex-Japan (Yen-Hedged) Bond Fund, PIMCO Cayman Global Multiple Real Return Fund, PIMCO Cayman Japan CorePLUS Fund, PIMCO Cayman Japan Low Duration Fund, and PIMCO Cayman TOPIX Plus Fund | Bermuda |
| 18. | PIMCO Strategic Global Government Fund, Inc. | New York |
| 19. | PIMCO Luxembourg S.A. on behalf of PIMCO Luxembourg Trust and its sub-funds, Global Bond Fund (NOK Hedged), Global StocksPLUS TR Fund in Euros, and Commodity Real Return Strategy Fund | Luxemburg |
| 20. | PIMCO Distressed Mortgage Fund, L.P. | Delaware |
| 21. | PIMCO Australia Pty Ltd. | Australia |
| 22. | PIMCO Europe Ltd. | Great Britain |
| 23. | PIMCO Global Advisors Limited for itself and on behalf of its Global Investor Series ("GIS") Global Bond, GIS Global Bond Ex-US, GIS Global Real Return, GIS CommoditiesPLUS Strategy Fund, and GIS Mortgage-Backed Securities Fund | Ireland |
| 24. | BNY Fund Management (Cayman) Limited as trustee for PIMCO Japan Low Duration Alpha Fund | Japan |
| 25. | Abu Dhabi Retirement Pensions and Benefit Fund | United Arab Emirates |
| 26. | Julius Baer Investment Fund Services Ltd. for itself and on behalf of AFP Unilever Schweiz | Switzerland |
| 27. | Allianz Insurance Limited for itself and on behalf | Australia |

| | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|---|---|---|
| | of Allianz Hedge Portfolio | |
| 28. | Ameren Services Company for itself and on behalf of Ameren Retirement Plan and Ameren Master Retirement Trust | Illinois |
| 29. | Ingersoll Rand Company Limited and its wholly owned subsidiary Trane, successor to American Standard, Inc., for itself and on behalf of American Standard Master Pension and Retirement Trust | New Jersey |
| 30. | Ariel Reinsurance Company Ltd. for itself and on behalf of its Low Duration | Bermuda |
| 31. | Artsfare 2006 Trust No. 1 | New York |
| 32. | Prudential Investments LLC, a New York limited liability company, and American Skandia Investment Services, Inc., a Maryland corporation, as co-managers for and on behalf of American Skandia Trust (AST Advanced Strategies Portfolio) | New Jersey |
| 33. | Automobile Club of Michigan and Auto Club Insurance Association for themselves and on behalf of Automobile Club of Michigan and Auto Club Insurance Association Retirement Plan for Salaried and Sales Employees | Michigan |
| 34. | AXIS Specialty Limited | Bermuda |
| 35. | Baxter International Inc. for itself and on behalf of Baxter International Inc. and Subsidiaries Incentive Investment Plan Trust | Illinois |
| 36. | BayCare Health System | Florida |
| 37. | Verizon Communications, Inc., successor to Bell Atlantic Corporation, for itself and on behalf of Bell Atlantic Master Pension Trust | New Jersey |
| 38. | Brunei Shell Funds Sendirian Berhad as trustee of Brunei Shell Provident Fund and Brunei Shell Retirement Benefit Fund | Brunai Darussalam |
| 39. | Trustees of The Civil Aviation Authority Pension Scheme on behalf of the Civil Aviation Authority Pension Scheme's ABS Portfolio and Swap Overlay Account | Great Britain |
| 40. | Capital Guidance (Fund) Ltd. | Switzerland |
| 41. | Catholic Healthcare Partners for itself and on behalf of Catholic Healthcare Partners Retirement Trust | Ohio |
| 42. | Smith Barney Fund Management LLC on behalf of Consulting Group Capital Markets Funds and its series International Fixed Income Investments | Delaware |
| 43. | University of Hong Kong | Hong Kong |

|     | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|-----|-----------|----------------------------------|
| 44. | Civil Aviation Authority of Singapore | Singapore |
| 45. | The Consolidated Edison Retirement Plan Master Trust | New York |
| 46. | Board of Retirement of the Contra Costa County Employees' Retirement Association on behalf of the Contra Costa County Employees' Retirement Association (StocksPLUS) | Contra Costa |
| 47. | Ascension Health for itself and on behalf of Daughters of Charity Fund P | Missouri |
| 48. | Allianz Global Investors Kapitalanlagegesellschaft mbH on behalf of Deutsche Shell Pensionen | Germany |
| 49. | Deutsche Bank Americas Holding Corp. for itself and on behalf of Deutsche Bank Cash Account Pension Plan | New York |
| 50. | Doris Duke Charitable Foundation | New York |
| 51. | Employees' Retirement Plan of Sentara Health Care | Virginia |
| 52. | Enlightenment Partners | Oregon |
| 53. | Ewing Marion Kauffman Foundation | Missouri |
| 54. | Fairfax County Employees' Retirement System | Virginia |
| 55. | Fairfax County Uniformed Retirement System | Virginai |
| 56. | Profit Sharing Committee of Freescale Semiconductor, Inc. for itself and on behalf of Freescale Semiconductor Inc. Retirement Savings Trust | Texas |
| 57. | Frontier Communications Corporation Pension Plan for itself and as successor to Citizens Utilities Pension Plan | Connecticut |
| 58. | Fundo de Pensoes | Macao |
| 59. | Fortis Insurance Belgium, *nka* AG insurance, on behalf of G.A. Fund-L-SICAV – Bond Active World TP | Belgium |
| 60. | Promark Global Advisors Limited, formerly GM Asset Management (UK) Limited, for itself and on behalf of GM International Fixed Interest Bonds PFPV | Great Britain |
| 61. | Promark Investment Advisors Limited, formerly General Motors Investment Management Corporation, for itself and on behalf of GMAM Group Pension Trust I Multi Sector – US/Foreign, GMAM Group Pension Trust II, and GMAM Group Trust I | New York |
| 62. | Harbor Capital Advisors, Inc. for itself and on behalf of Harbor Real Return Fund | Illinois |

| | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|---|---|---|
| 63. | Hartford Life Insurance Co. (Separate Account ICM Series IV) | New Jersey |
| 64. | Employees' Retirement System of the State of Hawaii for itself and on behalf of Hawaii Employees' Retirement System and Hawaii Employees' Retirement System Global Portfolio (501542096) | Hawaii |
| 65. | Hong Kong Polytechnic University | Hong Kong |
| 66. | IBM Corporation for itself and on behalf of IBM Savings Plan | New York |
| 67. | IBM Corporation for itself and on behalf of IBM Personal Pension Plan Trust | New York |
| 68. | IBM Retirement Funds EMEA (RFE) for itself and on behalf of IBM Global Strategy Fund | Great Britain |
| 69. | Intermountain Health Care Health Services Inc. for itself and on behalf of IHC Pension Plan | Utah |
| 70. | Illinois State Universities Retirement System | Illinois |
| 71. | Indiana State Teachers' Retirement Fund | Indiana |
| 72. | IPAC Asset Management Limited for itself and on behalf of IPAC Multi-Manager Global Bond Fund | Australia |
| 73. | J Sainsbury Common Investment Fund Limited | Great Britain |
| 74. | J.C. Penney Company, Inc. for itself and on behalf of J.C. Penney Company, Inc. Pension Plan | Texas |
| 75. | JBUT Master Investment Partnership, LLP | New York |
| 76. | John Hancock Investment Management Services LLC for itself and on behalf of John Hancock Funds II Global Bond Fund and John Hancock Funds II Real Return Bond Fund | Massachusetts |
| 77. | John Hancock Ins. Co. of Vermont for benefit No. 113 | Vermont |
| 78. | John Hancock Trust Global Bond Trust | Massachusetts |
| 79. | Johns Hopkins University | Maryland |
| 80. | KCRC Retirement Benefit Scheme Unitised Trust | Hong Kong |
| 81. | Kuwait Investment Authority | Kuwait |
| 82. | Local Government Pensions Institution of Finland | Finland |
| 83. | Longue Vue Partners | Oregon |
| 84. | Mars Pension Trustees Limited | The Netherlands |
| 85. | Massachusetts Mutual Life Ins. Company on behalf of IBM Index Guaranteed Separate Account 1 | Massachusetts |
| 86. | The McClatchy Company, successor to Knight-Ridder, Inc., for itself and on behalf of the Knight-Ridder Master Retirement Trust TIPS | Sacramento |
| 87. | Met Investors Advisory Corporation for itself and | Massachusetts |

| | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|---|---|---|
| | on behalf of Met Investors Series Trust (PIMCO Total Return Portfolio) | |
| 88. | MillerCoors Brewing Company, formerly known as Molson Coors, for itself and on behalf of Molson Coors Master Retirement Trust | Colorado |
| 89. | Missouri Local Government Employees' Retirement System for itself and on behalf of Missouri LAGERS – Commodity Real Return and Missouri LAGERS – Global Real Return | Missouri |
| 90. | Annuitas Management Limited for itself and on behalf of Board of Trustees of the National Provident Fund – F Fund of the Global Asset Trust | New Zealand |
| 91. | Nebraska Investment Counsel for itself and on behalf of State of Nebraska Pension and State of Nebraska Endowment | Nebraska |
| 92. | Nestlé USA, Inc. for itself and on behalf of Nestlé USA, Inc. Master Retirement Trust | Connecticut |
| 93. | The Comptroller of the City of New York as custodian of the funds of the New York City Employees' Retirement System, Teachers' Retirement System of the City of New York, New York City Fire Department Pension Trust, and New York City Board of Education Retirement System | New York |
| 94. | NiSource Inc. Master Retirement Trust for itself and on behalf of Retirement Plan of Columbia Energy Group Companies | Indiana |
| 95. | NTUC Income Insurance Co-operative Limited | Singapore |
| 96. | Ohio Operating Engineers Pension Fund | Ohio |
| 97. | Petroleum Development Oman L.L.C. for itself and on behalf of Omani Staff Pension Fund | Oman |
| 98. | Orange County Employees' Retirement System | Orange |
| 99. | Oregon Investment Council on behalf of Oregon Public Employees Retirement Fund | Oregon |
| 100. | Oregon Retail Employees' Pension Trust | Oregon |
| 101. | Pacific Life Insurance Company for itself and on behalf of Pacific Select Fund | Orange |
| 102. | Pacific Life Insurance Company for itself a on behalf of Pacific Funds, a Delaware Business Trust, and its separate series Managed Bond Fund and Inflation Managed Fund | Orange |
| 103. | Porsche Business Services Inc. | Illinois |
| 104. | Pension Fund of the Christian Church (Disciples of Christ), Inc. | Indiana |
| 105. | Public Employees' Retirement System of | Missippi |

| | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|---|---|---|
| | Mississippi | |
| 106. | Pfizer Inc. by and through its Plan Assets Committee, the Investment Committee and the Global Benefits Investment Committee and on behalf of Pfizer Master Trust (Pension TIPS Portfolio) | New York |
| 107. | Pacific Gas and Electric Company for itself and on behalf of Pacific Gas and Electric Company Retirement Plan Master Trust | San Francisco |
| 108. | Phelps Dodge Corp. for itself and on behalf of Phelps Dodge Corporation Master Trust | Arizona |
| 109. | Premier Health Partners for itself and on behalf of Premier Health Partners Operating Investment Program | Ohio |
| 110. | Primone Inc., Primtwo Inc., Primthree Inc., Primfour Inc., Primfive Inc., and Primsix Inc. | Great Britain |
| 111. | Producer – Writers Guild of America Pension Plan | Los Angeles |
| 112. | Dow Chemical Company for itself and on behalf of its subsidiary Union Carbide Corporation and Union Carbide Employees' Pension Plan (Prudential Ins. Co. Group Annuity GA-5298) | Michigan |
| 113. | R.R. Donnelley & Sons Company for itself and on behalf of Retirement Benefit Trust of R.R. Donnelley & Sons Company | Illinois |
| 114. | Railways Pension Trustee Company Limited | Great Britain |
| 115. | RCM, formerly Dresdner RCM Global Investors LLC, for itself and on behalf of Dresdner RCM Global Investors Commingled Funds LLC and its series RCM Fixed Income Fund | San Francisco |
| 116. | StocksPLUS Management, Inc. for itself and on behalf of Red River HyPi, L.P. | Texas |
| 117. | Southern California Retail Clerks Union and Food Employers Joint Pension Trust Fund | Los Angeles |
| 118. | Samaritan Insurance Funding Limited | Cayman Islands |
| 119. | Board of Retirement of the San Diego County Employees' Retirement Association (Core Plus and Real Return accounts) | San Diego |
| 120. | Finance Committee of the Schlumberger Master Profit Sharing Trust for and on behalf of Schlumberger Master Profit Sharing Trust | Texas |
| 121. | Screen Actors Guild – Producers Pension Plan | Los Angeles |
| 122. | Sentara Healthcare | Virginia |
| 123. | Sierra Pacific Resources for itself and on behalf of Sierra Pacific Resources Retirement Plan | Nevada |

| | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|---|---|---|
| 124. | Sisters of Charity of Leavenworth Health System | Kansas |
| 125. | Specialforeningen ATP Invest II (Global High Yield Bond II), c/o Nykredit Portefølje Administration | Denmark |
| 126. | The Northern Trust Company of Connecticut, as trustee for Sprint Master Trust (Enhanced Indexation) | Illinois |
| 127. | SSM Health Care Portfolio Management Company | Missouri |
| 128. | Stanford University by and through the Stanford Management Company on behalf of the Merged Endowment Pool | Santa Clara |
| 129. | State Retirement Agency for itself and on behalf of State Retirement and Pension System of Maryland | Maryland |
| 130. | Stichting Blue Sky Active Global Inflation-Linked Bond Fund | The Netherlands |
| 131. | Stichting Bedrijfstakpensionenfonds voor de Metalektro (PME) | The Netherlands |
| 132. | Stichting Dow Pensioenfonds | Switzerland |
| 133. | APG Asset Management U.S. Inc. for itself and on behalf of Stichting Pensioenfonds ABP (Index Linked Bonds) | New York |
| 134. | Sun Life Assurance Company of Canada (U.S.) (Variable Account H) | Massachusetts |
| 135. | SYSCO Corporation SYSCO Corporation for its self and on behalf of SYSCO Corporation Retirement Plan | Texas |
| 136. | Tower Asset Management Limited for itself and on behalf of Global Bond Fund and the International Bond Fund of the TAM Group Investment Fund | New Zealand |
| 137. | Prudential Investments LLC for itself and on behalf of The Target Portfolio Trust International Bond Portfolio | New Jersey |
| 138. | Teachers' Retirement System of Oklahoma | Oklahoma |
| 139. | The Salvation Army | Maine |
| 140. | Transamerica Fund Advisers, Inc. for itself and on behalf of TA IDEX PIMCO Real Return TIPS, a separate series of Transamerica IDEX Mutual Funds | Florida |
| 141. | Transamerica Fund Advisers, Inc. for itself and on behalf of IDEX PIMCO Total Return, a separate series of Transamerica IDEX Mutual Funds | Florida |
| 142. | Transamerica Fund Advisers, Inc. for itself and on behalf of PIMCO Total Return (ATST) | Florida |
| 143. | Trustees of The Civil Aviation Authority Pension | Great Britain |

| | | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|---|---|---|---|
| | | Scheme | |
| 144. | | United Food and Commercial Workers International Union–Industry Pension Fund (Blended Portfolio) | Illinois |
| 145. | | Southern California United Food and Commercial Workers Unions and Food Employers Joint Pension Trust Fund (StocksPLUS) | Los Angeles |
| 146. | | General Board of Pension and Health Benefits of the United Methodist Church | Illinois |
| 147. | | Morely Financial Services, Inc. on behalf of Union Bond and Trust Co. - The Actively Managed Fund | Oregon |
| 148. | | Dow Chemical Company for itself and on behalf of its wholly owned subsidiary Union Carbide Corporation and Union Carbide Employees' Pension Plan | Michigan |
| 149. | | USAA Benefits Investment Committee on behalf of the USAA Master Trust, Pension and RSP (Long Duration) and on behalf of the USAA Master Trust, Pension and SIP (Real Return) | Texas |
| 150. | | Valero Energy Corporation for itself and on behalf of Valero Energy Corporation Pension Plan | Texas |
| 151. | | Van Leer Group Foundation | The Netherlands |
| 152. | | International City Management Association Retirement Corporation for itself and on behalf of Vantage Trust (PLUS Fund) | Washington D.C. |
| 153. | | The Prudential Company of America for itself and on behalf of VCA-GI-7 Diversified Mortgage Index Account and on behalf of VCA-GI-7 – MLP Account | New Jersey |
| 154. | | Verizon Investment Management Corporation for itself and on behalf of Verizon Communications Inc. Master Savings Trust | New Jersey |
| 155. | | Victorian Funds Management Corp. for itself and on behalf of Victorian WorkCover Authority | Australia |
| 156. | | Investment and Administrative Committee of The Walt Disney Co. Sponsored Qualified Benefit Plans and Key Employees Deferred Compensation and Retirement Plan Master Trust for itself and on behalf of The Walt Disney Company retirement Plan Master Trust | Los Angeles |
| 157. | | The Harry and Jeanette Weinberg Foundation, Inc. | Maryland |
| 158. | | Galliard Capital Management for itself and on behalf of Wells Fargo Bank Investment Funds for Employee Benefit Trust | Minnesota |

|  | PLAINTIFF | COUNTY, STATE OR FOREIGN COUNTRY |
|---|---|---|
| 159. | Wheaton Franciscan Services, Inc. Investment Trust | Wisconsin |
| 160. | Workers' Compensation Reinsurance Association | Minnesota |
| 161. | Wyoming State Treasurer's Office | Wyoming |
| 162. | Xcel Energy Inc. for itself and on behalf of Xcel Energy Inc. Voluntary Employees' Beneficiary Trust for Retired Bargaining Unit Employees | Minnesota |
| 163. | MLC Investments Limited as trustee for National Corporate Investments Trust | Australia |
| 164. | Equity Trustees Limited for itself and on behalf of the following funds, PIMCO Global Real Return Fund, PIMCO Global CommodityRealReturn Fund, PIMCO Target Return Fund, PIMCO International Fixed Interest Trust, and MLC - Global | Victoria |
| 165. | National Railroad Retirement Investment Trust | Washington D.C. |
| 166. | Employee Benefit Plans Investment Policy Committee on behalf of MeadWestvaco Corporation Retirement Plan for Salaried Employees | New York |
| 167. | International Paper Company for itself and on behalf of the Retirement Plan of International Paper Company and certain other pension plans of International Paper Company | New York |

# EXHIBIT C

**EXHIBIT C – CIVIL CASE COVER SHEET**

| Defendant | County, State of Foreign Country |
|---|---|
| Residential Accredit Loans, Inc. | Minnesota |
| Residential Funding Company, LLC | Minnesota |
| RALI 2006-Q06 Trust | Minnesota |
| RALI 2006-Q03 Trust | Minnesota |
| Goldman, Sachs & Co., Inc. | New York |
| UBS Securities LLC | New York |

Name & Address:  Sean M. Kneafsey, Esq.  (CA SBN
180863) skneafsey@ktalaw.com
Kneafsey Tostado & Associates LLP
800 Wilshire Blvd., Suite 710
Los Angeles, CA 90017
(213) 892-1200 Phone / (213) 892-1200 Fax

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIMCO FUNDS, for its separate investment portfolios, [COMPLETE LIST OF PLAINTIFFS LISTED ON ATTACHED CAPTION] <br><br> PLAINTIFF(S). <br><br> v. <br><br> RESIDENTIAL ACCREDIT LOANS, INC., [COMPLETE LIST OF DEFENDANTS LISTED ON ATTACHED CAPTION] <br><br> DEFENDANT(S). | CASE NUMBER <br><br> SACV09-1345 DOC (ANx) <br><br> **SUMMONS** |

TO:  DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

FOR OFFICE USE ONLY

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Sean M. Kneafsey _____, whose address is  800 Wilshire Boulevard, Suite 710, Los Angeles, California 90017 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___NOV 1 3 2009_____

By: _____

NATALIE LONGORE

Deputy Clerk

*(Seal of the Court)*

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY

1 | KNEAFSEY TOSTADO & ASSOCIATES LLP
Sean M. Kneafsey (SBN 180863)
2 | skneafsey@KTAlaw.com
800 Wilshire Blvd., Suite 710
3 | Los Angeles, California 90017
Telephone:    (213) 892-1200
4 | Facsimile:    (213) 892-1208

5

Attorneys for Plaintiffs

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | Case No.

12 | PIMCO FUNDS, for its separate
investment portfolios; ASSET-BACKED
13 | SECURITIES PORTFOLIO, U.S.
GOVERNMENT SECTOR PORTFOLIO,
14 | SHORT TERM FUND, TOTAL
RETURN FUND, TOTAL RETURN
15 | MORTGAGE FUND,  MORTGAGE
PORTFOLIO, INCOME FUND, REAL
16 | RETURN FUND, REAL RETURN
ASSET FUND, REAL ESTATE REAL
17 | RETURN STRATEGY FUND, GLOBAL
BOND FUND, GLOBAL BOND FUND
18 | (U.S. DOLLAR HEDGED),
INTERNATIONAL PORTFOLIO,
19 | FOREIGN BOND FUND (U.S. DOLLAR
HEDGED), FOREIGN BOND FUND,
20 | HIGH YIELD FUND,
INTERNATIONAL STOCKS PLUS
21 | TREASURY STRATEGY FUND,
JAPANESE STOCKS PLUS TREASURY
22 | STRATEGY FUND ; PIMCO
VARIABLE INSURANCE TRUST on
23 | behalf of its Foreign Bond Portfolio and its
Global Bond Portfolio; PIMCO
24 | ABSOLUTE RETURN STRATEGY V
ALPHA FUND; PIMCO GLOBAL
25 | RELATIVE VALUE OFFSHORE FUND
III, LTD.; PIMCO PENSIONPLUS
26 | FUND LLC; PIMCO ABSOLUTE
RETURN STRATEGY II OFFSHORE
27 | FUND LTD; PIMCO ABSOLUTE
RETURN STRATEGY III OFFSHORE

**COMPLAINT FOR VIOLATION OF SECTIONS 12(2) AND 11 OF THE SECURITIES ACT OF 1933; VIOLATION OF CALIFORNIA CORPORATIONS CODE SECTIONS 25401, 25501, AND 25504; BREACH OF CONTRACT;RESCISSION; MUTUAL AND UNILATERAL MISTAKE; NEGLIGENT MISREPRESENTATION; AND, THE HAWAII SECURITIES ACT;**

**DEMAND FOR JURY TRIAL**

28

-1-

1  FUND LTD.; PIMCO ABSOLUTE )
   RETURN STRATEGY V OFFSHORE )
2  FUND LTD; PIMCO STRATEGIC )
   GLOBAL GOVERNMENT FUND, INC.; )
3  PIMCO LUXEMBOURG S.A. on behalf )
   of PIMCO LUXEMBOURG TRUST )
4  AND ITS SUB-FUNDS, GLOBAL )
   BOND FUND, GLOBAL STOCKS PLUS )
5  TREASURY FUND IN EUROS, AND )
   COMMODITY REAL RETURN )
6  STRATEGY FUND; PIMCO )
   DISTRESSED MORTGAGE FUND, )
7  L.P.; PIMCO AUSTRALIA PTY LTD., )
   for itself and its clients; PIMCO EUROPE )
8  LTD.; PIMCO GLOBAL ADVISORS )
   LTD. for itself and on behalf of its )
9  GLOBAL INVESTOR SERIES, )
   GLOBAL BOND, GIS GLOBAL BOND )
10 EX-US, GIS GLOBAL REAL RETURN, )
   GIS COMMODITIESPLUS STRATEGY )
11 FUND, GIS MORTGAGE BACKED )
   SECURITIES FUND; ALLIANZ )
12 GLOBAL INVESTORS for itself and on )
   behalf of ALLIANZ COMMODITIES )
13 PLUS; WILMINGTON TRUST as )
   Trustee of WILMINGTON TRUST )
14 RETIREMENT AND INSTITUTIONAL )
   SERVICES COMPANY COLLECTIVE )
15 INVESTMENT TRUST and as Trustee of )
   PIMCO COMMODITIES PLUS TRUST )
16 II; FIXED INCOME SHARES for itself )
   and on behalf of its separate investment )
17 portfolios SERIES C AND SERIES R; )
   PARS ASPIRE FUND; BROWN )
18 BROTHERS HARRIMAN TRUST )
   COMPANY (CAYMAN) LTD. as Trustee )
19 for PIMCO BERMUDA TRUST I and its )
   series trusts, PIMCO BERMUDA )
20 FOREIGN LOW DURATION FUND )
   AND PIMCO BERMUDA JBG )
21 FLOATER FOREIGN ALPHA FUND, )
   and as Trustee for PIMCO BERMUDA )
22 TRUST II, and its series trusts; PIMCO )
   BERMUDA LIBOR PLUS MASTER )
23 FUND, PIMCO BERMUDA JGB )
   FLOATER US STRATEGY FUND, AND )
24 PIMCO BERMUDA JGB FLOATER )
   FOREIGN STRATEGY FUND, and as )
25 Trustee for PIMCO BERMUDA TRUST )
   IV, and its series trusts, PIMCO )
26 BERMUDA GLOBAL BOND EX- )
   JAPAN FUND, BERMUDA JAPAN )
27 CORE PLUS FUND, AND PIMCO )
   GLOBAL HIGH YIELD STRATEGY )

28

-2-

1  FUND, and as Trustee for PIMCO
   CAYMAN TRUST and its series trusts,      )
2  PIMCO CAYMAN GLOBAL                       )
   AGGREGATE EX-JAPAN BOND                   )
3  FUND, PIMCO CAYMAN GLOBAL                 )
   AGGREGATE EX-JAPAN INCOME                 )
4  FUND, PIMCO CAYMAN GLOBAL                 )
   AGGREGATE EX-JAPAN, PIMCO                 )
5  CAYMAN GLOBAL EX-JAPAN BOND )
   FUND, PIMCO CAYMAN GLOBAL                 )
6  EX-JAPAN (YEN-HEDGED) BOND                )
   FUND, PIMCO CAYMAN GLOBAL                 )
7  MULTIPLE REAL RETURN FUND,                )
   PIMCO CAYMAN JAPAN COREPLUS )
8  FUND, PIMCO CAYMAN JAPAN LOW )
   DURATION FUND, AND PIMCO                  )
9  CAYMAN TOPIX PLUS FUND; BNY               )
   FUND MANAGEMENT (CAYMAN)                  )
10 LTD.  as trustee for PIMCO JAPAN LOW)
   DURATION FUND; PACIFIC                    )
11 LIFE INSURANCE COMPANY for itself )
   and on behalf of its PACIFIC SELECT       )
12 FUND and its  MANAGED BOND                )
   SERIES, its PACIFIC FUNDS and its         )
13 separate series MANAGED BOND FUND)
   and INFLATION MANAGED FUND;              )
14 EQUITY TRUSTEES LIMITED for itself )
   and on behalf of the following funds,     )
15 PIMCO GLOBAL REAL RETURN                  )
   FUND, PIMCO GLOBAL COMMODITY)
16 REAL RETURN FUND, PIMCO                   )
   TARGET RETURN FUND, PIMCO                 )
17 INTERNATIONAL FIXED INTEREST             )
   TRUST, AND MLC-GLOBAL;                    )
18 TRANSAMERICA FUND ADVISERS,              )
   INC. for itself and on behalf of TA IDEX )
19 PIMCO REAL RETURN TIPS, a separate )
   series of Transamerica IDEX Mutual        )
20 Funds,  and on behalf of TA IDEX          )
   PIMCO TOTAL RETURN, a separate           )
21 series of Transamerica IDEX Mutual        )
   Funds, and on behalf of PIMCO TOTAL      )
22 RETURN (ATST); ABU DHABI                  )
   RETIREMENT PENSIONS AND                   )
23 BENEFIT FUND; JULIUS BAER                 )
   INVESTMENT FUND SERVICES for             )
24 itself and on behalf of AFP UNILEVER     )
   SCHWEIZ; ALLIANZ INSURANCE               )
25 LTD. for itself and on behalf of ALLIANZ)
   HEDGE PORTFOLIO; AMEREN                   )
26 SERVICES, CO., for itself and on behalf   )
   of AMEREN RETRIEMENT PLAN AND)
27 AMEREN MASTER RETIREMENT                  )
   TRUST; OREGON INVESTMENT                  )
28

-3-

1  COUNCIL on behalf of OREGON
   PUBLIC EMPLOYEES RETIREMENT
2  FUND; BOARD OF RETIREMENT OF
   THE SAN DIEGO COUNTY
3  EMPLOYEES' RETIREMENT
   ASSOCIATION; INGERSOLL RAND
4  COMPANY LIMITED AND ITS
   WHOLLY OWNED SUBSIDIARY
5  TRANE, SUCCESSOR TO AMERICAN
   STANDARD, INC., for itself and on
6  behalf of AMERICAN STANDARD
   MASTER PENSION AND
7  RETIREMENT TRUST; ARIEL
   REINSURANCE COMPANY LTD. for
8  itself and on behalf of its LOW
   DURATION ACCOUNT; ARTSFARE
9  2006 TRUST NO. 1; PRUDENTIAL
   INVESTMENTS LLC, AND
10 AMERICAN SKANDIA INVESTMENT
   SERVICES, INC. AS CO-MANAGERS
11 for and on behalf of AMERICAN
   SKANDIA TRUST (AST ADVANCED
12 STRATEGIES PORTFOLIO);
   AUTOMOBILE CLUB OF MICHIGAN
13 AND AUTO CLUB INSURANCE
   ASSOCIATION for themselves and on
14 behalf of AUTOMOBILE CLUB OF
   MICHIGAN AND AUTO CLUB
15 INSURANCE ASSOCIATION
   RETIREMENT PLAN FOR SALARIED
16 AND SALES EMPLOYEES; AXIS
   SPECIALTY LIMITED; BAXTER
17 INTERNATIONAL INC. for itself and on
   behalf of BAXTER INTERNATIONAL
18 INC. AND SUBSIDIARIES INCENTIVE
   INVESTMENT PLAN TRUST;
19 BAYCARE HEALTH SYSTEM;
   VERIZON COMMUNICATIONS, INC.,
20 SUCCESSOR TO BELL ATLANTIC
   CORPORATION, for itself and on behalf
21 of  BELL ATLANTIC MASTER
   PENSION TRUST; BRUNEI SHELL
22 FUNDS SENDIRIAN BERHAD as
   trustee of BRUNEI SHELL PROVIDENT
23 FUND AND BRUNEI SHELL
   RETIREMENT BENEFIT FUND;
24 TRUSTEES OF THE CIVIL AVIATION
   AUTHORITY PENSION SCHEME ON
25 BEHALF OF THE CIVIL AVIATION
   AUTHORITY PENSION SCHEME'S
26 ABS PORTFOLIO AND SWAP
   OVERLAY ACCOUNT; CAPITAL
27 GUIDANCE (FUND) LTD.; CATHOLIC
   HEALTHCARE PARTNERS for itself
28

-4-

| | |
|---|---|
| 1 | and on behalf of CATHOLIC HEALTHCARE PARTNERS ) |
| 2 | RETIREMENT TRUST; SMITH BARNEY FUND MANAGEMENT LLC ) |
| 3 | on behalf of CONSULTING GROUP CAPITAL MARKETS FUNDS AND ITS ) |
| 4 | SERIES INTERNATIONAL FIXED INCOME INVESTMENTS; CITY ) |
| 5 | UNIVERSITY OF HONG KONG; CIVIL ) AVIATION AUTHORITY OF ) |
| 6 | SINGAPORE; THE CONSOLIDATED ) EDISON RETIREMENT PLAN ) |
| 7 | MASTER TRUST; BOARD OF ) RETIREMENT OF THE CONTRA ) |
| 8 | COSTA COUNTY EMPLOYEES' ) RETIREMENT ASSOCIATION on behalf) |
| 9 | of the CONTRA COSTA COUNTY ) EMPLOYEES' RETIREMENT ) |
| 10 | ASSOCIATION (STOCKSPLUS); ) ASCENSION HEALTH for itself and on ) |
| 11 | behalf of DAUGHTERS OF CHARITY ) FUND; ALLIANZ GLOBAL ) |
| 12 | INVESTORS ) KAPITALANLAGEGESELLSCHAFT ) |
| 13 | (GMBH) ON BEHALF OF DEUTSCHE ) SHELL PENSIONEN; DEUTSCHE ) |
| 14 | BANK AMERICAS HOLDING CORP. ) for itself and on behalf of DEUTSCHE ) |
| 15 | BANK CASH ACCOUNT PENSION ) PLAN; FINANCE COMMITTEE OF ) |
| 16 | THE BOARD OF TRUSTEES OF THE ) DIRECTORS GUILD OF AMERICA for ) |
| 17 | itself and on behalf of PRODUCER ) BASIC PENSION PLAN AND ) |
| 18 | PRODUCER SUPPLEMENTAL ) PENSION PLAN; DORIS DUKE ) |
| 19 | CHARITABLE FOUNDATION; ) EMPLOYEES' RETIREMENT PLAN OF) |
| 20 | SENTARA HEALTH CARE; ) ENLIGHTENMENT PARTNERS; ) |
| 21 | EWING MARION KAUFFMAN ) FOUNDATION; FAIRFAX COUNTY ) |
| 22 | EMPLOYEES' RETIREMENT ) SYSTEM; FAIRFAX COUNTY ) |
| 23 | UNIFORMED RETIREMENT SYSTEM; ) PROFIT SHARING COMMITTEE OF ) |
| 24 | FREESCALE SEMICONDUCTOR, INC. ) for itself and on behalf of FREESCALE ) |
| 25 | SEMICONDUCTOR INC. ) RETIREMENT SAVINGS TRUST; ) |
| 26 | FRONTIER COMMUNICATIONS ) CORPORATION PENSION PLAN FOR ) |
| 27 | ITSELFAND AS SUCCESSOR TO ) CITIZENS UTILITIES PENSION PLAN; ) |
| 28 | |

COMPLAINT

FUNDO DE PENSOES; FORTIS
INSURANCE BELGIUM, NKA AG
INSURANCE, ON BEHALF OF G.A.
FUND-L-SICAV – BOND L ACTIVE
WORLD TP; PROMARK GLOBAL
ADVISORS LIMITED, FORMERLY GM
ASSET MANAGEMENT (UK)
LIMITED, for itself and on behalf of GM
INTERNATIONAL FIXED INTEREST
BONDS PFPV; PROMARK
INVESTMENT ADVISORS LIMITED,
FORMERLY GENERAL MOTORS
INVESTMENT MANAGEMENT
CORPORATION, for itself and on behalf
of GMAM GROUP PENSION TRUST I
MULTI SECTOR – US/FOREIGN,
GMAM GROUP PENSION TRUST II,
AND GMAM GROUP TRUST I;
HARBOR CAPITAL ADVISORS, INC.
for itself and on behalf of HARBOR
REAL RETURN FUND; HARTFORD
LIFE INSURANCE CO. (SEPARATE
ACCOUNT ICM SERIES IV);
EMPLOYEES' RETIREMENT SYSTEM
OF THE STATE OF HAWAII for itself
and on behalf of HAWAII EMPLOYEES'
RETIREMENT SYSTEM AND HAWAII
EMPLOYEES' RETIREMENT SYSTEM
GLOBAL PORTFOLIO; HONG KONG
POLYTECHNIC UNIVERSITY; IBM
CORPORATION for itself and on behalf
of IBM SAVINGS PLAN AND IBM
PERSONAL PENSION PLAN TRUST;
IBM RETIREMENT FUNDS EMEA
(RFE) for itself and on behalf of IBM
GLOBAL STRATEGY FUND;
INTERMOUNTAIN HEALTH CARE
HEALTH SERVICES INC. for itself and
on behalf of IHC PENSION PLAN;
ILLINOIS STATE UNIVERSITIES
RETIREMENT SYSTEM; INDIANA
STATE TEACHERS' RETIREMENT
FUND; IPAC ASSET MANAGEMENT
LIMITED; J SAINSBURY COMMON
INVESTMENT FUND LIMITED; J.C.
PENNEY COMPANY, INC. for itself and
on behalf of J.C. PENNEY COMPANY,
INC. PENSION PLAN; JBUT MASTER
INVESTMENT PARTNERSHIP, LLP;
JOHN HANCOCK INVESTMENT
MANAGEMENT SERVICES LLC for
itself and on behalf of JOHN HANCOCK
FUNDS II GLOBAL BOND FUND AND
JOHN HANCOCK FUNDS II REAL

-6-

| | |
|---|---|
| 1 | RETURN BOND FUND; JOHN       ) |
| | HANCOCK INS. CO. OF VERMONT    ) |
| 2 | FOR BENEFIT NO. 113; JOHN      ) |
| | HANCOCK TRUST GLOBAL BOND    ) |
| 3 | TRUST; JOHNS HOPKINS        ) |
| | UNIVERSITY; KCRC RETIREMENT   ) |
| 4 | BENEFIT SCHEME UNITISED TRUST; ) |
| | KUWAIT INVESTMENT AUTHORITY; ) |
| 5 | LOCAL GOVERNMENT PENSIONS    ) |
| | INSTITUTION OF FINLAND; LONGUE ) |
| 6 | VUE PARTNERS; LOS ANGELES     ) |
| | COUNTY METROPOLITAN TRANSIT  ) |
| 7 | AUTHORITY for itself and on behalf of ) |
| | LOS ANGELES COUNTY         ) |
| 8 | METROPOLITAN TRANSIT       ) |
| | AUTHORITY RETIREMENT INCOME  ) |
| 9 | PLANS; MARS PENSION TRUSTEES   ) |
| | LIMITED; MASSACHUSETTS      ) |
| 10 | MUTUAL LIFE INS. COMPANY on   ) |
| | behalf of IBM INDEX GUARANTEED  ) |
| 11 | SEPARATE ACCOUNT 1; THE      ) |
| | MCCLATCHY COMPANY,        ) |
| 12 | SUCCESSOR TO KNIGHT-RIDDER,   ) |
| | INC., for itself and on behalf of THE  ) |
| 13 | KNIGHT-RIDER MASTER        ) |
| | RETIREMENT TRUST TIPS; MET    ) |
| 14 | INVESTORS ADVISORY         ) |
| | CORPORATION for itself and on behalf ) |
| 15 | of MET INVESTORS SERIES TRUST  ) |
| | (PIMCO TOTAL RETURN        ) |
| 16 | PORTFOLIO); MILLERCOORS     ) |
| | BREWING COMPANY, FORMERLY   ) |
| 17 | KNOWN AS MOLSON COORS, for    ) |
| | itself and on behalf of MOLSON COORS ) |
| 18 | MASTER RETIREMENT TRUST;     ) |
| | MISSOURI LOCAL GOVERNMENT   ) |
| 19 | EMPLOYEES' RETIREMENT SYSTEM ) |
| | for itself and on behalf of  MISSOURI ) |
| 20 | LAGERS – COMMODITY REAL     ) |
| | RETURN AND MISSOURI LAGERS –  ) |
| 21 | GLOBAL REAL RETURN; MOTION   ) |
| | PICTURE INDUSTRY HEALTH PLAN  ) |
| 22 | (ACTIVE MEMBER FUND); MOTION  ) |
| | PICTURE INDUSTRY INDIVIDUAL   ) |
| 23 | ACCOUNT PLAN; ANNUITAS      ) |
| | MANAGEMENT LIMITED for itself and ) |
| 24 | on behalf of BOARD OF TRUSTEES OF ) |
| | THE NATIONAL PROVIDENT FUND – ) |
| 25 | F FUND OF THE GLOBAL ASSET    ) |
| | TRUST; NATIONAL RAILROAD     ) |
| 26 | RETIREMENT INVESTMENT TRUST;  ) |
| | NEBRASKA INVESTMENT COUNSEL  ) |
| 27 | for itself and on behalf of STATE OF   ) |
| | NEBRASKA PENSION AND STATE OF ) |
| 28 | |

-7-

| | |
|---|---|
| 1 | NEBRASKA ENDOWMENT; NESTLÉ ) |
| | USA, INC. for itself and on behalf of ) |
| 2 | NESTLE USA, INC. MASTER ) |
| | RETIREMENT TRUST; THE ) |
| 3 | COMPTROLLER OF THE CITY OF ) |
| | NEW YORK AS CUSTODIAN OF THE ) |
| 4 | FUNDS OF THE NEW YORK CITY ) |
| | EMPLOYEES' RETIREMENT SYSTEM,) |
| 5 | TEACHERS' RETIREMENT SYSTEM ) |
| | OF THE CITY OF NEW YORK, NEW ) |
| 6 | YORK CITY FIRE DEPARTMENT ) |
| | PENSION TRUST, AND NEW YORK ) |
| 7 | CITY BOARD OF EDUCATION ) |
| | RETIREMENT SYSTEM; NISOURCE ) |
| 8 | INC. MASTER RETIREMENT TRUST ) |
| | for itself and on behalf of RETIREMENT ) |
| 9 | PLAN OF COLUMBIA ENERGY ) |
| | GROUP COMPANIES; NTUC INCOME ) |
| 10 | INSURANCE CO-OPERATIVE ) |
| | LIMITED; OHIO OPERATING ) |
| 11 | ENGINEERS PENSION FUND; ) |
| | PETROLEUM DEVELOPMENT OMAN ) |
| 12 | L.L.C. for itself and on behalf of OMANI ) |
| | STAFF PENSION FUND; ORANGE ) |
| 13 | COUNTY EMPLOYEES' RETIREMENT ) |
| | SYSTEM; OREGON RETAIL ) |
| 14 | EMPLOYEES' PENSION TRUST; ) |
| | PORSCHE BUSINESS SERVICES INC.; ) |
| 15 | PENSION FUND OF THE CHRISTIAN ) |
| | CHURCH (DISCIPLES OF CHRIST), ) |
| 16 | INC.; PUBLIC EMPLOYEES' ) |
| | RETIREMENT SYSTEM OF ) |
| 17 | MISSISSIPPI; PFIZER INC. BY AND ) |
| | THROUGH ITS PLAN ASSETS ) |
| 18 | COMMITTEE, THE INVESTMENT ) |
| | COMMITTEE AND THE GLOBAL ) |
| 19 | BENEFITS INVESTMENT ) |
| | COMMITTEE AND ON BEHALF OF ) |
| 20 | PFIZER MASTER TRUST (PENSION ) |
| | TIPS PORTFOLIO); PACIFIC GAS AND ) |
| 21 | ELECTRIC COMPANY for itself and on ) |
| | behalf of PACIFIC GAS AND ) |
| 22 | ELECTRIC COMPANY RETIREMENT ) |
| | PLAN MASTER TRUST; PHELPS ) |
| 23 | DODGE CORP. for itself and on behalf of ) |
| | PHELPS DODGE CORPORATION ) |
| 24 | MASTER TRUST; PREMIER HEALTH ) |
| | PARTNERS for itself and on behalf of ) |
| 25 | PREMIER HEALTH PARTNERS ) |
| | OPERATING INVESTMENT ) |
| 26 | PROGRAM; PRIMONE INC.; ) |
| | PRIMTWO INC.; PRIMTHREE INC.; ) |
| 27 | PRIMFOUR INC.; PRIMFIVE INC.; ) |
| | AND PRIMSIX INC.; PRODUCER – ) |
| 28 | |

-8-

WRITERS GUILD OF AMERICA
PENSION PLAN; DOW CHEMICAL
COMPANY for itself and on behalf of ITS
SUBSIDIARY UNION CARBIDE
CORPORATION AND UNION
CARBIDE EMPLOYEES' PENSION
PLAN; R.R. DONNELLEY & SONS
COMPANY for itself and on behalf of
RETIREMENT BENEFIT TRUST OF
R.R. DONNELLEY & SONS
COMPANY; RAILWAYS PENSION
TRUSTEE COMPANY LIMITED; RCM,
FORMERLY DRESDNER RCM
GLOBAL INVESTORS LLC, for itself
and on behalf of DRESDNER RCM
GLOBAL INVESTORS COMMINGLED
FUNDS LLC AND ITS SERIES RCM
FIXED INCOME FUND; STOCKSPLUS
MANAGEMENT, INC. FOR ITSELF
AND ON BEHALF OF RED RIVER
HYPI, L.P.; SOUTHERN CALIFORNIA
RETAIL CLERKS UNION AND FOOD
EMPLOYERS JOINT PENSION TRUST
FUND; SAMARITAN INSURANCE
FUNDING LIMITED; FINANCE
COMMITTEE OF THE
SCHLUMBERGER MASTER PROFIT
SHARING TRUST FOR AND ON
BEHALF OF SCHLUMBERGER
MASTER PROFIT SHARING TRUST;
SCREEN ACTORS GUILD –
PRODUCERS PENSION PLAN;
SENTARA HEALTHCARE; SIERRA
PACIFIC RESOURCES FOR ITSELF
AND ON BEHALF OF SIERRA
PACIFIC RESOURCES RETIREMENT
PLAN; SISTERS OF CHARITY OF
LEAVENWORTH HEALTH SYSTEM;
SPECIALFORENINGEN ATP INVEST
II (GLOBAL HIGH YIELD BOND II);
THE NORTHERN TRUST COMPANY
OF CONNECTICUT, AS TRUSTEE FOR
SPRINT MASTER TRUST (ENHANCED
INDEXATION); SSM HEALTH CARE
PORTFOLIO MANAGEMENT
COMPANY; STANFORD UNIVERSITY
BY AND THROUGH THE STANFORD
MANAGEMENT COMPANY ON
BEHALF OF THE MERGED
ENDOWMENT POOL; STATE
RETIREMENT AGENCY FOR ITSELF
AND ON BEHALF OF STATE
RETIREMENT AND PENSION
SYSTEM OF MARYLAND;

-9-

| | |
|---|---|
| 1 | STICHTING BLUE SKY ACTIVE ) |
| | GLOBAL INFLATION-LINKED BOND ) |
| 2 | FUND; STICHTING ) |
| | BEDRIJFSTAKPENSIONENFONDS ) |
| 3 | VOOR DE METALEKTRO (PME); ) |
| | STICHTING DOW PENSIOENFONDS; ) |
| 4 | APG ASSET MANAGEMENT U.S. INC. ) |
| | FOR ITSELF AND ON BEHALF OF ) |
| 5 | STICHTING PENSIOENFONDS ABP ) |
| | (INDEX LINKED BONDS); SUN LIFE ) |
| 6 | ASSURANCE COMPANY OF CANADA ) |
| | (U.S.) (VARIABLE ACCOUNT H); ) |
| 7 | SYSCO CORPORATION FOR ITS SELF ) |
| | AND ON BEHALF OF SYSCO ) |
| 8 | CORPORATION RETIREMENT PLAN; ) |
| | TOWER ASSET MANAGEMENT ) |
| 9 | LIMITED FOR ITSELF AND ON ) |
| | BEHALF OF GLOBAL BOND FUND ) |
| 10 | AND THE INTERNATIONAL BOND ) |
| | FUND OF THE TAM GROUP ) |
| 11 | INVESTMENT FUND; PRUDENTIAL ) |
| | INVESTMENTS LLC FOR ITSELF AND ) |
| 12 | ON BEHALF OF THE TARGET ) |
| | PORTFOLIO TRUST ) |
| 13 | INTERNATIONAL BOND PORTFOLIO; ) |
| | TEACHERS' RETIREMENT SYSTEM ) |
| 14 | OF OKLAHOMA; THE SALVATION ) |
| | ARMY;  TRUSTEES OF THE CIVIL ) |
| 15 | AVIATION AUTHORITY PENSION ) |
| | SCHEME; UNITED FOOD AND ) |
| 16 | COMMERCIAL WORKERS ) |
| | INTERNATIONAL UNION–INDUSTRY ) |
| 17 | PENSION FUND (BLENDED ) |
| | PORTFOLIO); SOUTHERN ) |
| 18 | CALIFORNIA UNITED FOOD AND ) |
| | COMMERCIAL WORKERS UNIONS ) |
| 19 | AND FOOD EMPLOYERS JOINT ) |
| | PENSION TRUST FUND ) |
| 20 | (STOCKSPLUS); GENERAL BOARD ) |
| | OF PENSION AND HEALTH ) |
| 21 | BENEFITS OF THE UNITED ) |
| | METHODIST CHURCH; MORELY ) |
| 22 | FINANCIAL SERVICES, INC. ON ) |
| | BEHALF OF UNION BOND AND ) |
| 23 | TRUST CO. - THE ACTIVELY ) |
| | MANAGED FUND; DOW CHEMICAL ) |
| 24 | COMPANY FOR ITSELF AND ON ) |
| | BEHALF OF ITS WHOLLY OWNED ) |
| 25 | SUBSIDIARY UNION CARBIDE ) |
| | CORPORATION AND UNION ) |
| 26 | CARBIDE EMPLOYEES' PENSION ) |
| | PLAN; USAA BENEFITS ) |
| 27 | INVESTMENT COMMITTEE ON ) |
| | BEHALF OF THE USAA MASTER ) |
| 28 | |

COMPLAINT

1  TRUST, PENSION AND RSP (LONG
   DURATION) AND ON BEHALF OF
2  THE USAA MASTER TRUST,
   PENSION AND SIP (REAL RETURN);
3  VALERO ENERGY CORPORATION for
   itself and on behalf of VALERO
4  ENERGY CORPORATION PENSION
   PLAN; VAN LEER GROUP
5  FOUNDATION; INTERNATIONAL
   CITY MANAGEMENT ASSOCIATION
6  RETIREMENT CORPORATION FOR
   ITSELF AND ON BEHALF OF
7  VANTAGE TRUST (PLUS FUND); THE
   PRUDENTIAL COMPANY OF
8  AMERICA FOR ITSELF AND ON
   BEHALF OF VCA-GI-7 DIVERSIFIED
9  MORTGAGE INDEX ACCOUNT AND
   ON BEHALF OF VCA-GI-7 – MLP
10 ACCOUNT; VERIZON INVESTMENT
   MANAGEMENT CORPORATION FOR
11 ITSELF AND ON BEHALF OF
   VERIZON COMMUNICATIONS INC.
12 MASTER SAVINGS TRUST;
   VICTORIAN FUNDS MANAGEMENT
13 CORP. FOR ITSELF AND ON BEHALF
   OF VICTORIAN WORKCOVER
14 AUTHORITY; INVESTMENT AND
   ADMINISTRATIVE COMMITTEE OF
15 THE WALT DISNEY CO. SPONSORED
   QUALIFIED BENEFIT PLANS AND
16 KEY EMPLOYEES DEFERRED
   COMPENSATION AND RETIREMENT
17 PLAN MASTER TRUST FOR ITSELF
   AND ON BEHALF OF THE WALT
18 DISNEY COMPANY RETIREMENT
   PLAN MASTER TRUST; THE HARRY
19 AND JEANETTE WEINBERG
   FOUNDATION, INC.; GALLIARD
20 CAPITAL MANAGEMENT FOR
   ITSELF AND ON BEHALF OF WELLS
21 FARGO BANK INVESTMENT FUNDS
   FOR EMPLOYEE BENEFIT TRUST;
22 WHEATON FRANCISCAN SERVICES,
   INC. INVESTMENT TRUST;
23 WORKERS' COMPENSATION
   REINSURANCE ASSOCIATION;
24 WYOMING STATE TREASURER'S
   OFFICE; XCEL ENERGY INC. for itself
25 and on behalf of XCEL ENERGY INC.
   VOLUNTARY EMPLOYEES'
26 BENEFICIARY TRUST FOR RETIRED
   BARGAINING UNIT EMPLOYEES;
27 AND MLC INVESTMENTS LIMITED
   AS TRUSTEE FOR NATIONAL
28

-11-

COMPLAINT

| | |
|---|---|
| 1 | CORPORATE INVESTMENTS TRUST; ) |
| | EMPLOYEE BENEFIT PLANS ) |
| 2 | INVESTMENT POLICY COMMITTEE ) |
| | on behalf of MeadWestvaco Corporation ) |
| 3 | Retirement Plan for Salaried Employees; ) |
| | INTERNATIONAL PAPER COMPANY ) |
| 4 | for itself and on behalf of the Retirement ) |
| | Plan of International Paper Company and ) |
| 5 | certain other pension plans of International ) |
| | Paper Company ) |
| 6 | ) |
| | Plaintiffs ) |
| 7 | ) |
| | ) |
| 8 | vs. ) |
| | ) |
| 9 | RESIDENTIAL ACCREDIT LOANS, ) |
| | INC.; RESIDENTIAL FUNDING ) |
| 10 | COMPANY, LLC, FORMERLY ) |
| | KNOWN AS RESIDENTIAL FUNDING ) |
| 11 | CORPORATION; RALI 2006-Q06 ) |
| | TRUST; RALI 2006-Q03 TRUST; ) |
| 12 | GOLDMAN, SACHS & CO.; and UBS ) |
| | INVESTMENT BANK, ) |
| 13 | ) |
| | Defendants. ) |
| 14 | ) |
| | ) |
| 15 | ) |

-12-